# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION | **MDL Docket No. 2656** |
| This Document Relates To: | **Misc. No. 15-1404 (CKK)** |
| ALL CASES | |

### INITIAL PRACTICE AND PROCEDURE ORDER UPON
### TRANSFER PURSUANT TO 28 U.S.C. § 1407

This Order shall, unless superseded or modified by subsequent Order, govern the practice and procedure in all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of October 13, 2015, as well as all related actions originally filed in this Court or transferred or removed to this Court. This Order shall also govern the practice and procedure in any "tag-along" actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rules 7.1 and 7.2 of the Rules of Procedures of that Panel and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court. *See* Conditional Transfer Order (Oct. 23, 2015), ECF No. [2]; Conditional Transfer Order (Oct. 28, 2015), ECF No. [3].

It is this 30th day of October, 2015, hereby **ORDERED** that

1. All such actions described in the first paragraph of this Order – including actions filed, transferred, or removed after the issuance of this Order – are consolidated for pretrial purposes. Any objections to consolidation must be made by motion for relief from this Order within ten (10) days of either counsel's first appearance herein or the entry of a consolidation order in such case, whichever is earlier.

2.   All papers in these actions shall be filed by electronic means, through the Case Management/Electronic Case Filings system ("CM/ECF"), as required by (and subject to the exceptions contained in) Local Civil Rule 5.4.

3.   All counsel who have not yet done so shall promptly obtain a CM/ECF password from the Clerk of the Court, pursuant to the requirements of Local Civil Rule 5.4(b).

4.   As provided by Local Civil Rule 5.4(d), electronic filing of any document operates to effect service of the document on all parties whose counsel have obtained CM/ECF passwords. Counsel who have not yet obtained CM/ECF passwords must serve and be served as otherwise provided in Rule 5(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 5.2 ("Privacy Protection for Filings Made with the Court").   The Clerk of the Court is not required to provide hard copies of any papers filed electronically in these consolidated cases to attorneys who have not entered their appearances on the CM/ECF system and registered for a password granting them access to the electronic dockets.

5.   The Clerk of the Court shall maintain a Master Docket and electronic case file under the caption "In re Domestic Airline Travel Antitrust Litigation" and the case number Misc. No. 15-1404 (CKK). Every document filed in this action shall bear the caption:

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION | |
| This Document Relates To: | **MDL Docket No. 2656**<br>**Misc. No. 15-1404 (CKK)** |

2

When a document is applicable to all actions, the caption of the document shall include the notation "ALL CASES" below the phrase "This Document Relates To."  Such documents shall be filed only in the Master Docket.

When a document is applicable only to a specific action or actions, the caption of the document shall include the individual docket number(s) of the action(s) to which the document applies below the phrase "This Document Relates To." In such cases, counsel shall file the document in the Master Docket *and* in the docket of each individual action or actions.  Counsel shall not "spread" such filings to the other consolidated cases when presented with that option during the electronic case filing process.

6. ***No more than one attorney for each Plaintiff*** may enter an appearance on the Master Docket.  If more than one attorney for a Plaintiff is currently designated on the Master Docket as an "attorney to be noticed," that Plaintiff shall provide the Clerk of the Court with the name of one counsel to be the attorney of record, and the Clerk shall remove all other listed attorneys for that Plaintiff from the Master Docket.  More than one attorney for each Plaintiff may enter an appearance in the docket of each individual action or actions.

7. Defendants shall file a Notice of Related Case in the Master Docket whenever a new case is filed in this Court that Defendants believe should be consolidated into this action, unless the action already has been assigned to the undersigned judge.

8. To facilitate the efficient consolidation of cases in this matter, all parties to this action shall notify the Judicial Panel on Multidistrict Litigation of other potential related or "tag-along" actions of which they are aware or become aware.

3

9.   No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of Local Civil Rule 83.2 are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court.

10. Any paper filed in any of these actions which is substantially identical to any other paper filed in another of these actions shall be sufficient if it incorporates by reference the paper to which it is substantially identical.  Where counsel for more than one party plan to file substantially identical papers they shall join in the submission of such papers and shall file only one paper on behalf of all so joined.

11. All motions heretofore filed and docketed in any of the individual actions shall be administratively terminated, without prejudice to refiling, if appropriate, in the Master Docket. Motions may be refiled pursuant to provisions of a further Order of this Court.  Any time-sensitive threshold filings or motions may be refiled, if appropriate, with the proper caption and designation, with a specific affirmation as to why the filing is time sensitive and threshold in nature and, need not await the issuance of the further order of this Court.  Only time-sensitive threshold issue may be filed before the further order of this Court is entered regarding motions practice.

12. Any orders, including protective orders, previously entered by any transferor district court shall remain in full force and effect unless modified by this Court upon application.

13. Hearings shall not be held on any motions, except by order of the Court upon such notice as the Court may direct. Parties may request a hearing by motion when necessary. *See* LCvR 7(f).

14. Counsel shall familiarize themselves with the Local Civil Rules of this Court.

Except as provided herein to the contrary, the parties shall comply with all such Rules.  The parties are directed especially to the requirements of Local Civil Rule 5.1, regarding written correspondence with the Court (which shall be by motion, opposition, and reply, rather than by letter); Local Civil Rule 7(m), regarding the duty of counsel to confer in advance of filing nondispositive motions (including those for enlargements of time); and Local Civil Rule 7(c), regarding the submission of proposed orders with all motions and oppositions.

15. The requirements of Local Civil Rule 23.1(b) are waived. Any motion(s) for class certification or appointment of class counsel shall be filed pursuant to this Order or a further order of this Court.

16. The Court will be guided by the *Manual for Complex Litigation Fourth* (2004), approved by the Judicial Conference of the United States.  Counsel are directed to familiarize themselves with that publication.

17. The terms of this Order shall not have the effect of making any person, corporation, or entity a party to any action in which he, she, or it has not been named, served, or added as such, in accordance with the Federal Rules of Civil Procedure.

18. The Court shall set an initial schedule by further order upon completion of the transfer of cases to this District.  However, the Court hereby informs the parties that it intends to proceed in the following manner:

    a.  Interim Class Counsel:

        i.  The Court strongly encourages the parties and counsel to seek a consensus as to the appointment of Interim Class Counsel which will facilitate the orderly progression of the case.  Unless the

parties can otherwise agree, Plaintiffs' counsel seeking appointment as Interim Class Counsel on behalf of the proposed class in this action shall file affidavits and memoranda of law in support of their appointment by a date set by further order of this Court.

ii. Any responses to such affidavits and memoranda of law shall be filed by a date set by further order of this Court.

iii. Once Interim Class Counsel is appointed, other Plaintiffs' counsel need not attend future conferences and hearings before the Court, but they may ***monitor (without participating in)*** such conferences and hearings, provided that they jointly make arrangements for a dial-in telephone-conferencing service and contact chambers of the undersigned judge at least two business days in advance of the conference or hearing to provide any necessary telephone number and access code.

b. <u>Briefing Schedule</u>:

i. Upon appointment of Interim Class Counsel by this Court, Plaintiffs (through Court-appointed Interim Class Counsel) shall file a consolidated amended complaint by a date set by further order of this Court.

ii. Upon filing of Plaintiffs' consolidated amended complaint, Defendants shall file answer(s) and/or other responsive motion(s)

6

by a date(s) set by further order of this Court.

iii. <u>Scheduling Order and Case Management</u>.  Upon the resolution of

Defendants' responsive motion(s), if any, and upon receipt of

Defendants' answer(s) to Plaintiffs' remaining claims, if any, the

Court shall set this matter for an Initial Scheduling and Case

Management Conference.  In lieu of complying with the specific

requirements of Local Civil Rule 16.3, the Court shall require the

parties to meet, confer, and seek consensus regarding a proposed

Scheduling Order and Case Management Plan that will facilitate

the just, speedy, and inexpensive determination of all pretrial

matters.  Counsel shall discuss all matters that are likely to be

addressed at the Initial Scheduling and Case Management

Conference, generally including (but not limited to): settlement,

discovery, class certification, dispositive motions, and other

matters that the parties believe may be appropriate for inclusion in

the Scheduling Order and Case Management Plan. The Court shall

issue a more detailed order in advance of the Initial Scheduling and

Case Management Conference.

c. <u>Discovery</u>:  All discovery proceedings in these actions are stayed until

further order of the Court, and the time requirements to perform any acts

or file any papers pursuant to Rules 26 through 37 of the Federal Rules of

Civil Procedure are tolled until such time as a discovery schedule is

established by order of the Court.

**SO ORDERED.**


      */s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE