UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL Docket No. 2656<br>Misc. No. 15-1404 (CKK) |

ORDER
(December 7, 2015)

On October 13, 2015, the Judicial Panel on Multidistrict Litigation ("the Panel") issued an Order transferring 18 actions related to MDL No. 2656, In re: Domestic Airline Travel Antitrust Litigation, to this Court for coordinated or consolidated pretrial purposes pursuant to 28 U.S.C. § 1407.  On October 23, 2015, and October 28, 2015, the Panel issued orders transferring 74 additional related actions to this Court.  It appears that all actions identified by the Panel as part of the above-captioned litigation have been transferred to this Court.  Moreover, 11 actions filed directly in this jurisdiction have been consolidated into the instant litigation.  Therefore, there are presently a total of 103 cases.

Given that the transfers as ordered by the Panel have been completed, the Court now issues this order addressing the process for selecting Plaintiffs' Interim Class Counsel.   The Court shall first address the role of Plaintiffs' Interim Class Counsel in this action, then it shall address the criteria that the Court shall apply in selecting Plaintiffs' Interim Class Counsel, and finally it shall address the briefing and hearing schedule for resolving this issue expeditiously.

Pursuant to Federal Rule of Civil Procedures 23(g)(3), this Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a

class action." Plaintiffs' Interim Class Counsel shall "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." Manual, Fourth (2004), § 10.22. The Court has determined that it shall designate Plaintiffs' Interim Class Counsel to act on behalf of Plaintiffs to serve for a period of one year or until certification of the class in the instant action, whichever is sooner. In the event that the class has not been certified in one year of the date of the appointment and this litigation remains ongoing, the Court shall either reappoint or select new Plaintiffs' Interim Class Counsel to act on Plaintiffs' behalf. To the extent that it appears prudent to appoint interim liaison counsel, the Court shall make that determination at a later time after the appointment of Plaintiffs' Interim Class Counsel.

The duties of the Plaintiffs' Interim Class Counsel include "formulating . . . and presenting positions on substantive and procedural issues during the litigation." *Id.* at § 10.221. Specifically, the responsibilities of Plaintiffs' Interim Class Counsel, once appointed, shall include the following:

1. Plaintiffs' Interim Class Counsel shall have the authority and responsibility for the day-to-day management of the interests of Plaintiffs in the litigation, and shall call meetings and otherwise manage the work among all counsel.

2. Plaintiffs' Interim Class Counsel shall have the sole authority over the following matters on behalf of Plaintiffs: (a) the initiation, response, scheduling, briefing, and argument of all motions; (b) the scope, order, and conduct of all discovery proceedings; (c) such work assignments to other Plaintiff's counsel as they may deem appropriate; (d) the retention of experts; (e) designation of which attorneys may appear at hearings and conferences with the Court; (f) the timing and substance

of any settlement negotiations with Defendants; and (g) other matters concerning the prosecution or resolution of their respective cases. Plaintiffs' Interim Class Counsel shall have responsibility for major decisions on behalf of Plaintiffs' counsel regarding the overall prosecution of the actions.

3. No motion shall be initiated or filed on behalf of any Plaintiff except through Plaintiffs' Interim Class Counsel, without leave of Court.

4. Plaintiffs' Interim Class Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs, unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Plaintiffs' Interim Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel in their respective cases.

5. The Court notes that upon appointment of Plaintiffs' Interim Class Counsel, the Court shall require the parties to confer and provide a proposal to address the issue of fees for Plaintiffs' counsel. Plaintiffs' Interim Class Counsel shall manage Plaintiffs' counsel by controlling the time and expenses spent on various tasks, and shall keep accurate records which shall be required to be submitted to the Court for its review.

Once Plaintiffs' Interim Class Counsel is appointed, other Plaintiffs' counsel need not attend future conferences and hearings before the Court, but they may monitor (without participating in) such conferences and hearings, provided that they jointly make arrangements for a dial-in telephone-conferencing service and contact chambers of the undersigned judge at least two business days in advance of the conference or hearing to provide any necessary telephone

number and access code.

Turning to the criteria that the Court shall consider in the selection of Plaintiffs' Interim Class Counsel, Rule 23(g) does not expressly set forth factors for the Court to consider when selecting *interim* class counsel. However, the Court shall be informed by the criteria set forth for selection of class counsel after certification of a class, *see* Fed. R. Civ. Pro. 23(g)(1) & (4), as well as other relevant factors described herein.

As such, the Court shall consider the following criteria when selecting Plaintiffs' Interim Class Counsel in the instant action: the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; the resources that counsel will commit to representing the class; counsel's ability to fund the litigation; the absence of conflicts with different interests on Plaintiffs' side; counsel's ability to command the confidence of his or her colleagues; counsel's ability to work cooperatively with the Court and opposing counsel; and the need for people with diverse skill sets and viewpoints who can add to the value of the overall representation.

The Court strongly encourages the parties and counsel to seek a consensus as to the appointment of Plaintiffs' Interim Class Counsel which will facilitate the orderly progression of the case. Plaintiffs' counsel seeking to be designated by the Court as Plaintiffs' Interim Class Counsel shall submit the following:

1. Resume; and
2. Affidavit attesting to:
   a. The number of clients that the attorney or his or her firm represents in the

       instant action in federal court;

  b. Counsel's experience handling antitrust class action cases or other MDLs;

  c. Counsel's experience as a committee member in antitrust class action cases or other MDLs;

  d. Any other qualities the Court should consider, including those outlined above; and

  e. Fee proposals and/or rates of pay to be sought for work related to this litigation.

Plaintiffs' counsel seeking appointment as Plaintiffs' Interim Class Counsel shall file the above-referenced documents and memoranda of law in support of their appointment by no later than **January 11, 2016**. Any responses to such affidavits and memoranda of law shall be filed by no later than **January 18, 2016**. The Court shall hold a Status Hearing on the issue of selecting Plaintiffs' Interim Class Counsel on **January 22, 2016, at 1:30 p.m. in Courtroom 28A**, whether or not a consensus has been reached as to the appropriate person to be designated as Plaintiffs' Interim Class Counsel. Appointment of Plaintiffs' Interim Class Counsel shall be determined by the Court after full consideration of all information received and *after* the Status Hearing.

//

//

//

//

//

//

Upon the appointment of Plaintiffs' Interim Class Counsel, the Court shall proceed to set a schedule for Plaintiffs to file a consolidated amended complaint, and for Defendants to file answer(s) and/or other responsive motion(s).  Upon the resolution of Defendants' responsive motion(s), if any, and upon receipt of Defendants' answer(s) to Plaintiffs' remaining claims, if any, the Court shall set this matter for an Initial Scheduling and Case Management Conference.

**IT IS SO ORDERED.**

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE