UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL Docket No. 2656<br>Misc. Action No. 15-1404 (CKK) |

**MEMORANDUM OPINION and ORDER**
(March 30, 2016)

The issue before the Court is Plaintiffs' request to lift the discovery stay for the limited purpose of seeking discovery as to materials that the several Defendants have provided the Government in response to subpoenas issued as part of an ongoing antitrust investigation. The Court held a telephone conference call on the record on March 24, 2016, regarding this request. Given that the parties presented their substantive arguments on the record in that call, the Court concluded that further briefing on this matter was not necessary. However, the Court required the parties to each provide a one-page Notice with citations to the cases on which they rely, which the parties subsequently filed. *See* Notices, ECF Nos. 92-93. Upon consideration of the parties' arguments, the record in this case, and the relevant legal authorities, the Court concludes that lifting the discovery stay, even for a limited purpose, is not warranted at this time. Accordingly, the Court DENIES Plaintiffs' request.

**Background**

Only a few facts are pertinent to the issue now before the Court. All of them pertain to the timeline of this case. Pursuant to this Court's [83] Order, Plaintiffs filed their [91] Consolidated Amended Class Action Complaint on March 25, 2016. Through that Order, the Court also set a briefing schedule for the motions to dismiss that Defendants intend to file. The briefing on those motions will be completed no later than July 20, 2016.

1

**Framework for Decision**

Plaintiffs essentially argue that their request would pose a minimal burden on Defendants because they only seek materials that were previously provided to the Government. They also argue that their inability to seek such materials prejudices them because it delays their ability to seek class certification. Defendants respond that the sought-after discovery would, in fact, burden them because of the privacy issues at stake and because they may assert objections to discovery requests from a private party, as here, that differ from those they asserted in response to the Government's subpoenas. They also argue that the requested materials may not be properly within the scope of discovery under the Consolidated Amended Class Action Complaint.[1] *See* ECF No. 91. In essence, they argue that Plaintiffs have not shown any cause, much less good cause, to justify even limited early discovery.

Notably, both sides argue that the weight of authority is in their favor. But in the end, they must acknowledge, as they do in part, that the results differ among district court judges who have addressed similar issues, specifically in cases involving a request for early discovery as to materials a party has provided to a government entity as part of an ongoing investigation. Indeed, the essence of a district court's discretion is that district judges have the responsibility to use their best judgment to reach results molded to the particular needs of the cases before them. In reviewing the cases on which the parties rely, *see* ECF Nos. 92-93, none of which are binding on this Court, the unsurprising pattern that emerges is one of difference rather than uniformity. Even courts grappling with the same type of issue now facing this Court—limited discovery as to materials provided to government entities as part of ongoing investigations—differ in their responses. *Compare In re Rail Freight Fuel Surcharge Antitrust Litig.*, 1:07-MC-00489-PLF-

---

[1] The telephone conference occurred prior to the filing of the Consolidated Amended Class Action Complaint.

GMH, ECF No. 114 (D.D.C. June 23, 2008) (Friedman, Paul, J.) (staying discovery until resolution of motions to dismiss where antitrust plaintiffs sought limited discovery of documents that the defendants had produced to the New Jersey Attorney General and to the Surface Transportation Board) *with In re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-02143-RS, ECF Nos. 370, 379 (N.D. Cal. 2011) (requiring production of materials provided to the Government).

      Nonetheless, a common thread emerges from this variegated pattern: that it is essential to assess the *burden* of providing the materials by the party asked to do so and the *prejudice* to the party requesting those materials as a result of a delay in being able to receive them. *See, e.g.*, *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420 YGR, 2013 WL 2237887, at *1 (N.D. Cal. May 21, 2013) (allowing discovery before filing of amended complaint with respect to materials produced to Government, but not as to those defendants arguing that discovery would be an undue burden). Moreover, the Court's assessment of the burden of providing the materials and the prejudice caused by any delay guides the Court's determination of whether there is good cause to lift the discovery stay, in part, and to allow limited discovery before the parties meet and confer regarding a proposed Scheduling Order and Case Management Plan. *Cf. Sky Angel U.S., LLC v. Nat'l Cable Satellite Corp.*, 296 F.R.D. 1, 2 (D.D.C. 2013) (citing 8A Charles Alan Wright et al., *Federal Practice and Procedure* § 2046.1, at 288 (3d ed. 2010)) (showing of good cause necessary for discovery before Rule 26(f) conference). The Court now turns to an assessment of the burdens and prejudices associated with the pending request.

**Analysis**

      In these circumstances, and based on the parties' representations on the record, the Court concludes that there is a burden on Defendants, while the potential prejudice to Plaintiffs caused

by delay is minimal, if not non-existent. Therefore, the Court will deny at this time Plaintiffs' request to lift the discovery stay in order to allow limited discovery.

With respect to the burden on Defendants, it is important to consider that Defendants' responses to Plaintiffs' discovery request may differ properly from their responses to the Government's subpoenas requesting the materials in question. Relatedly, Defendants' privacy interests militate against providing the materials now when they, possibly, may *never* have to be provided in this case. Even a protective order cannot fully dissipate the burden of responding to the request and providing responsive materials. Those issues are best left untouched until after the Court resolves Defendants' planned motions to dismiss.

With respect to Plaintiffs' apparent concern that the Court has set an expectation that class certification will be complete by February 2017, in light of language in the Court's order appointing interim class counsel, that concern is unfounded.[2] The Court does expect the parties to move expeditiously, as well as cooperatively, in advancing this case, as they have been doing thus far. The Court similarly expects the parties to move this case speedily towards the class certification stage, assuming that the Court resolves the planned motions to dismiss in Plaintiffs' favor. That said, the Court has set no deadline of February 2017 for class certification. The Court plans to review the appointment of interim class counsel at that time to ensure that this case is moving forward. That timeline for reviewing the appointment is not a deadline for class certification but rather a mechanism to review the appointment of Plaintiffs' interim class

---

[2] The Court's appointment order stated the following: "These designations shall remain for a period of one year until February 7, 2017, or until certification of the class in the instant action, whichever is sooner. In the event that the class has not been certified by February 7, 2017, and this litigation remains ongoing, the Court shall either reappoint or select new Plaintiffs' Interim Class Counsel to act on Plaintiffs' behalf." Order Appointing Plaintiffs' Interim Class Counsel, ECF No. 76, at 3-4.

counsel. (On the off-chance that a class is certified before such time, that would clearly necessitate the appointment of "actual," rather than interim, class counsel.) The Court could not and does not expect Plaintiffs to engage in class certification discovery while discovery is stayed. Nor does the Court expect to receive a motion for class certification on a *timeline* that assumes that class certification discovery had been ongoing since Day One of this case. In other words, any substantive expectations of the Court regarding class certification in connection with the Court's February 2017 review of the appointment of counsel are aspirational rather than definitive—a nudge rather than a cliff.

In that light, the Court concludes that there is no prejudice from delaying Plaintiffs' receipt of any documents provided to the Government until the Court resolves the planned motions to dismiss and moves to the discovery phase of this case. Moreover, insofar as there is some minimal prejudice to Plaintiffs from this delay, the Court concludes that the burden on Defendants of responding to the discovery request and providing any responsive materials outweighs any such prejudice. Therefore, the Court finds that there is no good cause to lift the discovery stay, even for a limited purpose, or to allow early discovery prior to the resolution of the planned motions to dismiss and before the parties meet and confer regarding a proposed Scheduling Order and Case Management Plan.

For all of these reasons, the Court DENIES Plaintiffs' request to lift the discovery stay in this case for the limited purpose of allowing discovery as to the materials that the several Defendants have provided to the Government as part of the related ongoing antitrust investigation.

**SO ORDERED.**

                                                                /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge