**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION | MDL Docket No. 2656 |
| | Misc. No. 15-1404 (CKK) |
| | |
| | JURY TRIAL DEMANDED |
| This Document Relates To: | |
| ALL CASES. | |

**ORDER PRELIMINARILY APPROVING SETTLEMENT WITH**
**DEFENDANT SOUTHWEST AIRLINES CO.**

THIS CAUSE came before the Court on Plaintiffs' Motion for Preliminary Approval of

Settlement with Defendant Southwest Airlines Co., filed December 29, 2017. Plaintiffs have

entered into a settlement agreement, dated December 20, 2017 with Defendant Southwest

Airlines Co. (the "Settlement Agreement"). The Court, having reviewed the Motion, its

accompanying memorandum, the Settlement Agreement, and the file, hereby:

**ORDERS AND ADJUDGES:**

1.     Terms used in this Order that are defined in the Settlement Agreement are, unless

otherwise defined herein, used in this Order as defined in the Settlement Agreement.

<u>Preliminary Approval of Settlement Agreement</u>

2.     The Court finds that the Settlement Agreement with Southwest was entered into at

arm's-length by highly experienced counsel and is sufficiently fair, reasonable and adequate to

authorize dissemination of notice to the Settlement Class defined below and scheduling of the

Fairness Hearing described below.

### Class Certification

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the

proposed Settlement, the Court hereby finds that the prerequisites for a class action have been

met and certifies the following class for settlement purposes (the "Settlement Class"):

> All persons and entities that purchased air passenger transportation services for
> flights within the United States and its territories and the District of Columbia
> from Defendants or any predecessor, subsidiary or affiliate thereof, at any time
> between July 1, 2011 and December 20, 2017. Excluded from the class are
> governmental entities, Defendants, any parent, subsidiary or affiliate thereof,
> Defendants' officers, directors, employees, and immediate families, and any
> judges or justices assigned to hear any aspect of this action.

4.     The Court finds that the certification of the Settlement Class is warranted in light

of the Settlement Agreement because (a) the Settlement Class is so numerous that joinder is

impracticable; (b) Plaintiffs' claims present common issues and are typical of the Settlement

Class; (c) Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately

represent the Settlement Class; and (d) common issues predominate over any individual issues

affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests

are aligned with the interests of all other members of the Settlement Class and settlement of this

action on a class basis is superior to other means of resolving this matter.

### Appointment of Settlement Class Counsel and Settlement Class Representatives

5.     The Court hereby appoints Hausfeld LLP and Cotchett Pitre & McCarthy LLP as

Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal

Rules of Civil Procedure are fully satisfied by this appointment.

6.     Plaintiffs Boston Amateur Basketball Club, Katherine Rose Warnock, Cherokii

Verdozco, Kumar Patel, Samantha White, Seth Lyons, Howard-Sloan Koller Group Inc.,

Breanna Jackson, Stephanie Jung, Elizabeth Cumming, and Steven Yeninas will serve as Class

Representatives on behalf of the Settlement Class.

### Notice to Potential Class Members

7.     Within 45 days of entry of this Order, Settlement Class Counsel shall submit to

the Court for approval a notice plan for purposes of advising Settlement Class Members, among other things, of their right to object to the Settlement Agreement, of their right to exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the time, date, and location of the Fairness Hearing, and their right to appear at the Fairness Hearing.

Other Provisions

11.   In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Southwest, and the members of the Settlement Class.

12.   The Court's certification of the Settlement Class as provided herein is without prejudice to or waiver of the rights of any Defendant to contest certification of any other class proposed in these consolidated actions.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in this Action and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class.

13.   All case deadlines applicable to Southwest, including discovery deadlines, are hereby stayed.

14.   Southwest's obligation to pay its *pro-rata* share of the fees of the Special Master is hereby suspended as of this date.

**IT IS SO ORDERED.**

DATED:  January 3, 2018

_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE