UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL Docket No. 2656<br>Misc. No. 15-1404 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(July 10, 2018)

Presently before the Court is the Special Master's [247] Amended Report and Recommendation No. 4 Regarding Defendants' Motion to Compel Plaintiffs to Answer Certain of Defendants' Interrogatories ("Am. Rep. and Recomm. No. 4"); the Defendants' [250] Objections to Report and Recommendation No. 4 ("Defs.' Objections"); the Plaintiffs' [251] Response to Defendants' Objections ("Pls.' Response"); and the Defendants' [253] Reply in support of Objections ("Defs.' Reply").[1] The Court notes that the objections filed by Defendants Delta Air Lines, Inc. ("Delta") and United Airlines, Inc. ("United") are limited to the Special Master's recommendation regarding denial of Defendants' Interrogatory No. 15, and Plaintiffs filed no objections to Report and Recommendation No. 4. Accordingly, as a preliminary matter, the Court ADOPTS the Special Master's recommendations regarding resolution of Defendants' Motion to Compel with regard to Defendants' Interrogatories Nos. 8-10, 16(a) and 16(b), and will confine its

---

[1] The Special Master has been tasked with handling all discovery disputes in this multidistrict litigation. He initially filed his Report and Recommendation No. 4 on June 13, 2018, but after conferring with the parties, he issued Amended Report and Recommendation No. 4 on June 15, 2018.

1

discussion herein to Defendants' Interrogatory No. 15. Furthermore, the Court incorporates by reference the background, analysis and conclusions set forth in the Special Master's Amended Report and Recommendation No. 4, as though stated in full.

Defendants' Interrogatory No. 15

On December 20, 2017, Plaintiffs and Defendant Southwest Airlines Co. ("Southwest") executed a settlement agreement, which was preliminarily approved by this Court on January 3, 2018. *See* Motion for Settlement Preliminary Approval, ECF No. 196; Order Preliminarily Approving Settlement with Defendant Southwest Airlines Co., ECF No. 197. Subsequent to the Southwest settlement announcement, "the remaining three Defendants jointly served additional interrogatories on Plaintiffs, seeking among other information: "facts provided to Plaintiffs by Southwest pursuant to their Settlement Agreement" (Interrogatory No. 15)."[2] Am. Rep. and Recomm. No. 4 at 4. Plaintiffs objected to several interrogatories, and the parties were ultimately unsuccessful in resolving some of their disputes, which led to the Defendants' filing of a motion to compel in May of 2018. The Special Master's Amended Report and Recommendation No. 4 addressed the disputed interrogatories and successfully resolved all of them with the exception of Interrogatory No. 15, which remains in contention.

Defendants' Interrogatory No. 15 requests that Plaintiffs:

Describe in detail the facts and information disclosed by Southwest under the provisions of the Settlement:
(a) requiring disclosure of "facts then known to Southwest that are relevant to the claims

---

[2] Defendant American Airlines, Inc. ("American") recently entered into a settlement with Plaintiffs, which was preliminarily approved by the Court on June 18, 2018. *See* Motion for Settlement with American Airlines, Inc., ECF No. 248; Order granting Preliminary Approval of Settlement with Defendant American Airlines, Inc., ECF No. 249. Accordingly, the Objections at issue were propounded by Defendants Delta and United.

asserted in the Action" (Settlement at 14-15);
(b) requiring Southwest to provide information from its "senior executive management" to Plaintiffs "through an attorney proffer session" (*id.* at 18); and
(c) requiring Southwest to respond "to a reasonable number of targeted specific requests for particular information" from Plaintiff (*id.*)

The Special Master's Recommendation on Interrogatory No. 15

The Special Master explained that Plaintiffs' objections to Interrogatory No. 15 were primarily based upon the notion that "responses [to Interrogatory No. 15] would disclose attorney-work product" because "information provided by Southwest to Plaintiffs took place in the context of Southwest providing information to Plaintiffs and also in response to questions posed by Plaintiffs' counsel." Am. Rep. and Recomm. No. 4 at 9; *see* Pls.' Response, Ex. 2 [Transcript of June 4, 2018 oral argument before the Special Master], at 14-15.[3] The Special Master noted further that Defendants did not "articulate a convincing reason as to why discovery of *Plaintiffs'* understanding of Southwest's facts would assist Defendants in developing their defense" nor did Defendants argue that "their ability to discover facts directly from Southwest is compromised." Am. Rep. and Recomm. No. 4 at 9-10 (emphasis in original); *see also* Fed. R. Civ. P. 26(b)(2)(C)(1) (A court should limit discovery if it determines that "the discovery . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive.")

In his analysis of Interrogatory No. 15, the Special Master determined that Defendants were not seeking "facts from percipient witnesses" but rather "proffers made by Southwest's counsel to Plaintiffs' counsel." Am. Rep. and Recomm. No. 4 at 11. He reasoned that "[p]articularly insofar

---

[3] The page numbers referenced are those assigned in connection with the Electronic Case Filing system.

3

as Plaintiffs' counsel asked questions or directed the discussion during the proffer sessions, such communications reveal the legal theories and mental impressions of Plaintiffs' counsel about the case." *Id.* The Special Master relied upon Fed. R. Civ. P. 26(b)(1) and (3) for the proposition that discovery of attorney work product may only be had upon the moving party establishing a substantial need for materials to prepare its case where such materials (or the substantial equivalent) cannot without undue hardship be obtained by other means. Fed. R. Civ. P. 26(b)(3)(A)(ii). Furthermore, he concluded "[that] the ability of Defendants to obtain the underlying facts from Southwest's present or former employees by means other than seeking proffers of counsel more than adequately protects Defendants' right to prepare for trial." Am. Rep. and Recomm. at 12. For the reasons set forth in more detail below, the Court CONCURS with the Special Master's recommendation to deny Defendants' motion to compel Plaintiffs' responses to Interrogatory No. 15.

<u>Defendants' Objections and Plaintiffs' Response</u>

Defendants explain that "Interrogatory 15 seeks *all* facts provided by Southwest, including those disclosed during the seven witness interviews pursuant to the Settlement." Defs' Objections at 2 (emphasis in original). Defendants emphasize that they "seek merely facts" as opposed to "Plaintiffs' understanding of Southwest's facts," and they cite *U.S. v. All Assets Held*, in support of their request for discovery of "facts provided" by Southwest. *See U.S. v. All Assets Held*, 270 F. Supp. 3d 220, 226 (D.D.C. 2017) (where Magistrate Judge Michael Harvey denied discovery seeking the identity of persons interviewed by counsel and the particular questions asked each interviewee but granted discovery of the facts provided by the interviewees). Defendants' reference to *All Assets Held* and emphasis that only facts are being sought do little to advance their

4

argument that such information should be compelled by this Court. Defendants mischaracterize the Special Master's recommendation as a blanket prohibition on their ability to obtain facts, even where the Special Master acknowledged that everyone readily agrees attorney work product privilege does not bar discovery of underlying facts. Am. Rep. and Recomm. No. 4 at 12. Nor are Defendants here barred from seeking underlying facts from Southwest. "The Special Master's recommendation that the Court deny Defendants' motion to Compel Interrogatory No. 15 in no way limits Defendants' ability to discover non-privileged information under Federal Rules of Civil Procedure [as] [e]ach party is free to undertake its own investigation of relevant facts." Am. Rep. and Recomm. No. 4 at 10.

The *All Assets* case was cited by the Special Master for the proposition that "the responding party need only respond to 'an appropriately-phrased discovery request that does not require . . . counsel to reveal. . . the particular questions asked each interviewee,'" which is a factor to be considered in analyzing compliance with Interrogatory No. 15. Am. Report and Recomm. No. 4 at 12 (citing *All Assets Held*, 270 F. Supp. 2d at 226). In support of this proposition that counsel's questions and thought processes should not be revealed to the opposing party, Plaintiffs cite *National Union Fire Ins. Co. v. AARPO, Inc.*, No. 97-civ.-1438, 1998 U.S. Distr. LEXIS 21342 (S.D.N.Y. 1998) (where the court found that the factual content of communications with a cooperating witness was intermingled with information that disclosed counsel's thought processes and legal theories) and *SEC v Roberts*, 254 F.R.D. 371, 383 (N.D. Cal. 2008) (where the propounding party sought only disclosure of facts from discussions with a percipient witness, but the court denied the discovery on grounds that the facts contained within notes were likely to be

5

"inextricably tied with the attorneys' mental thoughts and impressions").[4] While both of these cases can be factually distinguished from the case at bar, they do address the inherent dilemma in granting discovery that may provide insight into counsel's thoughts, impressions and theories.

Defendants argue however that "[f]acts do not become work-product merely because they are received from another party's counsel." Defs' Objections at 2; *see U.S. v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 156 (D. Del. 1999) ("Counsel or litigants cannot use the work product doctrine to hide facts underlying the litigation from discovery.") Defendants' cite to *Dentsply* oversimplifies the ruling in that case. In *Dentsply*, during the course of a three year investigation of Dentsply, the Government interviewed 184 witnesses, who were identified in initial disclosures, but the Government refused to answer an interrogatory asking about facts that were relevant to its claims against Dentsply, on grounds that all facts learned during that lengthy investigation constituted work product. *Id.* at 155. The court found that blanket prohibition untenable because Dentsply sought only the facts that formed the basis of the lawsuit as opposed to counsel's view of the case, facts considered significant by counsel, or the specific questions asked. Id.

In the case at bar, Defendants Delta and United are not prohibited from obtaining facts from Southwest that may be used to support the Plaintiffs' case. Defendants "remain free to propound discovery seeking facts from their alleged co-conspirators, rather than what cooperating witnesses said in strategy sessions." Pls.' Resp. at 4. The Special Master's recommendation does not prevent Defendants from ascertaining facts but merely seeks to prevent Defendants from piggybacking on the Plaintiffs' case strategy when obtaining those facts. "Information provided

---

[4] Plaintiffs also cited *In re Urethane Antitrust Litigation*, 2011

by Southwest to Plaintiffs took place in the context of Southwest providing information to Plaintiffs and also in response to questions posed by Plaintiffs' counsel" and accordingly, there is "no persuasive reason to order Plaintiffs to provide Defendants with information Plaintiffs gleaned from Southwest." Am. Rep. and Recomm. No. 4 at 9-10. *See Hickman v Taylor v.* 329 U.S. 495, 516 (1947) ("Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary."); *see also* 6 *Moore's Federal Practice* Section 26.70[2][c](3d ed. 1998) ("Courts have continued to apply *Hickman* to prevent parties from circumventing the work product doctrine by attempting to elicit an attorney's thought process through depositions or interrogatories."). Defendants' preparation of a defense in this case should not rely upon gaining insight into Plaintiffs' trial strategy; instead, Defendants may ascertain directly relevant factual information from Southwest, which it can then use either to bolster its defense or to challenge it.

Finally, Defendants contend that getting the information from Southwest directly is not "more convenient" and "less burdensome" than getting it from Plaintiffs, and even if the information sought involves some work product, the Plaintiffs "waived any work-product protection here by specifically identifying in the Settlement Agreement the subjects to be discussed with Southwest." Defs' Objections at 4. Defendant provides no legal and little factual support for these contentions, and accordingly, these arguments warrant no response by the Court.[5]

Accordingly, having determined that Defendants may obtain the factual information they seek directly from Southwest, which will avoid any infringement on Plaintiffs' attorney work

---

[5] Nor does this Court find it necessary to address Plaintiffs' general reference to the applicability of Federal Rule of Evidence 408.

product protection, this Court OVERRULES the Defendant's objections regarding Interrogatory No. 15 and FULLY ADOPTS the Special Master's Amended Report and Recommendation No. 4, and it is hereby this 10th day of July, 2018,

ORDERED that Defendant's Motion to Compel is hereby GRANTED IN PART AND DENIED IN PART. By July 23, 2018, Plaintiffs shall answer Defendants' Interrogatories No. 8 and No. 9, and Interrogatory No. 10 to the extent it asks Plaintiffs to:

> Describe in detail the facts supporting Your allegation that [ ] Defendants agreed to 'fix, raise, maintain, and/or stabilize prices for air passenger transportation services' by 'colluding to limit capacity on their respective airlines' (Complaint ¶ 1), including each capacity-related action that resulted from the alleged agreement; each flight, city-pair and segment affected by the alleged agreement[.]

The Court denies Defendants' Motion to Compel an answer to Interrogatory No. 10 to the extent it asks: "the capacity that would have been provided or available but-for the alleged agreement; the price(s) actually charged; and the price(s) that would have been charged but for the alleged agreement." The Court denies Defendants' Motion to Compel an answer to Interrogatories Nos. 15, and 16(a) and (b).

IT IS SO ORDERED.

/s/
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE