# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION | MDL Docket No. 2656<br>Misc. No. 15-1404 (CKK) |
| This Document Relates To:<br><br>ALL CASES. | |

## NON-SETTLING DEFENDANTS' RESPONSE TO
## PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT NOTICE PROGRAM

The non-settling Defendants—Delta Air Lines, Inc., and United Airlines, Inc.—respectfully submit this response to Plaintiffs' Motion for Approval of Settlement Notice Program (ECF No. 257) to address Plaintiffs' repeated request that the Court order the non-settling Defendants to provide their customers' e-mail addresses.

As previously stated in response to Plaintiffs' Notice Program proposed in connection with the Southwest Settlement, the non-settling Defendants have not refused, and do not object to, providing relevant customer e-mail addresses in their possession. *See* ECF No. 219. If the Court decides that information is necessary to effectuate the "best notice practicable" pursuant to Rule 23(c)(2)(B) and Rule 23(e)(1), the non-settling Defendants will comply with the Court's order and provide the e-mail addresses. The non-settling Defendants estimate it may take up to a month to retrieve that information.

As explained in the non-Settling Defendants' previously filed response (ECF No. 219), the non-settling Defendants merely seek to await the Court's decision about the "best notice practicable" before undertaking the significant effort to retrieve customer email addresses, particularly given the extensive physical mailing address information which has already been produced to Plaintiffs. *Id.* at 2-4. For example, the Court might determine the "best notice

1

practicable" consists of traditional mail notice or some combination of e-mail and traditional mail notice—such as, for example, requiring Plaintiffs to provide traditional mail notice to those passengers for whom the non-Settling Defendants have a physical mailing address, but not an e-mail address, or to those passengers to whom the proposed e-mail notice is returned, or "bounced," as undeliverable.  ECF No. 257-1 at 5 ("email delivery attempts will be tracked; if an item is returned as undeliverable, commonly referred to as a 'bounce,' the reason is noted.").  For these reasons, the non-settling Defendants—who are non-parties to Plaintiffs' settlements with Southwest and American—simply seek to await the Court's guidance about what data should be produced before undertaking the burden of pulling the additional contact information requested by Plaintiffs.  If the Court orders the non-settling Defendants to produce that information, the non-settling Defendants respectfully request to have 30 days from the date of the Court's Order to do so.

Dated:   August 15, 2018

| /s/ *Kent A. Gardiner* | /s/ *James P. Denvir* |
|---|---|
| Kent A. Gardiner (D.D.C. No. 432081) | James P. Denvir (Bar No. 225359) |
| Cheryl A. Falvey (D.D.C. No. 414277) | William A. Isaacson (Bar No. 414788) |
| David M. Schnorrenberg (D.D.C. No. 458774) | Michael S. Mitchell (Bar No. 986708) |
| | Abby L. Dennis (Bar No. 994476) |
| CROWELL & MORING LLP | BOIES SCHILLER FLEXNER LLP |
| 1001 Pennsylvania Avenue, N.W. | 1401 New York Avenue, NW |
| Washington, D.C. 20004 | Washington, D.C. 20005 |
| Telephone: (202) 624-2578 | Telephone: (202) 237-2727 |
| Facsimile: (202) 628-5116 | Facsimile: (202) 237-6131 |
| kgardiner@crowell.com | jdenvir@bsfllp.com |
| cfalvey@crowell.com | wisaacson@bsfllp.com |
| dschnorrenberg@crowell.com | mmitchell@bsfllp.com |
| | adennis@bsfllp.com |
| *Counsel for United Airlines, Inc.* | *Counsel for Delta Air Lines, Inc.* |