**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| IN RE DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION | MDL Docket No. 2656<br>Misc. No. 15-1404 (CKK) (RAL) |
|---|---|
| This Document Relates To:<br><br>ALL CASES. | |

**DELTA AIR LINES, INC.'S OPPOSITION TO**
**PLAINTIFFS' MOTION FOR AN EXTENSION OF FACT DISCOVERY DEADLINES**

## Introduction

By April 30 of this year, Plaintiffs indisputably knew (1) that United was going to produce some 3 million documents and (2) that there was a potential problem with United's precision rate.[1] The key facts underlying Plaintiffs' motion have therefore been known for four months but have spurred Plaintiffs into action only after having told Delta to schedule its executives for depositions beginning in September. Delta has done that and now has been told to cancel them if the instant motion is granted.

Plaintiffs argue that an extension is necessary not because too few documents have been produced, but too many. Because they have known the volume of documents produced by United for months, they do not claim volume alone as the basis for a six month extension. Instead, they argue that United's TAR process had a low precision rate and therefore United produced too many non-responsive documents. Of course, they knew or should have known of this issue from United's April 27 letter.[2] But even if Plaintiffs argument were cognizable in spite of their delay

[1] Ex. 6 to Kenney Decl., ECF No. 270-10 (Letter from B. Sepulveda dated Apr. 27, 2018).

[2] Plaintiffs do not contest that the precision rate (the percentage of responsive documents) was

in raising it, it is at best counterintuitive and speculative. Plaintiffs' argument rests on the premise that non-responsive documents take more time to review than responsive documents. The documents Plaintiffs attach to make their case tend to prove the opposite – they are so obviously non-responsive that a reviewer would easily cast them aside. Every case requires screening of non-responsive from responsive documents and, at least equally time consuming, important responsive documents from unimportant responsive documents. That United produced more non-responsive documents than expected is not good cause to extend the fact discovery deadlines.

Given the Court's prior admonitions that the current schedule would not be extended,[3] Delta has expended significant resources to ensure timely compliance with the Court's deadlines. Delta has relied on these deadlines in scheduling depositions for its senior executives, and it would be highly disruptive to cancel and reschedule those depositions because Plaintiffs are not ready to take them. This case is now over three years old and Plaintiffs have yet to take a deposition. There is no reason, much less good cause, to extend the schedule even further.

## I. PLAINTIFFS HAVE LONG BEEN ON NOTICE AS TO THE SIZE OF THE DOCUMENT PRODUCTIONS

The timeline of events related to the schedule and Defendants' document productions shows that Plaintiffs have not been diligent nor shown good cause in support of their motion:

- **September 2017**: Defendants stated that there were "tens of millions of documents which will be searched for potentially responsive documents." Joint Status Report, ECF No. 186 at 2 (Sept. 14, 2017).

- **November 2017**: Defendants each identified in more detail how many documents were in their respective document collections. Joint Status Report, ECF No. 194 (Nov. 13, 2017).

easily calculated from United's letter. Pls. Mot. 4; Grossman Decl., ECF 270-3 at ¶ 13.

[3] Status Conf. Tr. 4:23-25; 9:7-8, 24:1-3 (Feb. 12, 2018).

- **December 2017**: Plaintiffs filed their motion for preliminary approval of a settlement with Southwest Airlines, thus reducing the scope of discovery. ECF No. 196 (Dec. 29, 2017).

- **February 2018**: the parties disputed the appropriate end date for fact discovery. Knowing that Defendants' document collections comprised tens of millions of documents, Plaintiffs proposed January 31, 2019 as the fact discovery deadline, stating that this date allowed an "appropriate time period to allow Plaintiffs to review the millions of documents expected to be produced from Defendants." Joint Status Report, ECF No. 204 at 2 n.3 (Feb. 5, 2018).[4] The Court agreed, ordering fact discovery to end January 31, 2019. Amended Scheduling Order, ECF No. 207 (Feb. 14, 2018).

- **April 2018**: pursuant to the Court's Amended Scheduling Order, Delta produced the "millions of documents expected to be produced" on April 27, 2018, and all Defendants finished productions by April 30. At that time, Plaintiffs knew the total number of Defendants documents they would potentially need to review to prepare for depositions. United produced some 3 million documents. United served its TAR disclosures on April 27, 2018, putting Plaintiffs on notice of the potential issue regarding the precision rate. Pls. Mot. 4; Grossman Decl., ECF 270-3 at ¶ 13.

- **May 2018**: after Defendants' core document productions were served and Plaintiffs knew the volume of those productions, the parties jointly stated "The parties anticipate that depositions will likely commence in the late Summer and Fall, and will be completed by the Court's December 15, 2018 deadline." Joint Status Report, ECF No. 243 at 1 (May 31, 2018).

- **June 2018**: Plaintiffs filed their motion for preliminary approval of a settlement with American Airlines, thus reducing the scope of discovery. ECF No. 248 (June 15, 2018).

- **July 26, 2018**: almost two months after Plaintiffs knew the volume of Defendants' productions, and after Plaintiffs claim to have become aware of the extent of the issue with United's production, Pls. Mot. 5-6, counsel for Plaintiffs, responding to an email from counsel for Delta regarding deposition scheduling, identified seven Delta deponents and stated that Plaintiffs "would like deposition dates starting in September," and that "Plaintiffs plan to get the deposition notices out shortly." Ex. 1, Email from B. Beard dated July 26, 2018.

- **August 2018**: Plaintiffs raised their concerns about the fact discovery deadlines with the Special Master for the first time on August 17, 2018. In correspondence regarding deposition scheduling between Plaintiffs and Delta, Plaintiffs agreed to a number of

[4] Plaintiffs claim they were surprised at the volume of documents produced by Defendants because Plaintiffs had extrapolated the number of expected documents based on Defendants' DOJ productions. Pls. Mot. 11-12. But as Plaintiffs are well aware, this case involves a longer time period, more custodians, and over four times as many document requests (many of which more sweeping in scope) compared to the DOJ investigation. *See, e.g.*, Joint Status Report, ECF No. 194 at 1-2 (Nov. 13, 2017) (describing the scope of Plaintiffs' requests).

deposition dates "only if the fact discovery deadline is not extended. Plaintiffs reserve all rights to propose and notice alternative deposition dates for any date accepted below if the fact discovery deadline is adjusted by the Court." Ex. 2, Email from J. Kenney dated August 21, 2018. Delta understands this email to mean that Plaintiffs could go forward with these depositions under the current schedule, but will choose not to if their motion is granted.

As the above record makes plain, Plaintiffs have been on notice of the size of Defendants' document productions since April 2018 (at the latest), and told the Court *after* receiving those productions that they could review the documents and complete depositions within the current schedule. Since that time, one defendant has settled and the scope of discovery has been reduced. The supposed revelation (itself at least a month old) that a large number of these documents are non-responsive does not create good cause to further delay resolution of this case.

## II. PLAINTIFFS HAVE NOT DEMONSTRATED DILIGENCE IN COMPLYING WITH THE CURRENT SCHEDULE

Plaintiffs have also not shown how they have been diligent in preparing for depositions since receiving Defendants' productions. Plaintiffs claim they have 70 attorneys and staff reviewing documents, Pls. Mot. 6, but do not identify when those 70 attorneys started the review or the extent of their efforts since late April.[5] Presumably the Court can verify the work that has been done using the monthly time sheets submitted by Plaintiffs' counsel *in camera* pursuant to this Court's Order. ECF No. 84 (Feb. 29, 2016). But Delta does not know what efforts Plaintiffs have undertaken to prepare for depositions, or whether those efforts have been diligent.

Even accepting Plaintiffs' representations regarding the number of attorneys involved in deposition preparation, it is unclear why Plaintiffs require the fact discovery deadline to be extended. In an article by Plaintiffs' expert Maura Grossman titled *Technology-Assisted Review*

---

[5] Plaintiffs explain that six attorneys (presumably in addition to the 70 assigned to deposition preparation) undertook review and analysis of Delta's privilege log, which Plaintiffs contend included "more than 10,000 entries." Kenney Decl., ECF No. 270-4 at ¶ 13. To the extent this is relevant to the Court's analysis, Delta's privilege log in fact contained fewer than 7,000 entries (for a production of over 1.3 million documents).

*in E-Discovery Can Be More Effective and More Efficient Than Exhaustive Manual Review*, which Grossman states is "widely cited in case law" (Grossman Decl., ECF 270-3 at ¶ 5), Grossman describes a number of document review exercises, including the average pace of document review. She specifically identifies two exercises where individuals reviewed 3 documents per minute and 20 documents per minute respectively. Ex. 3 at 31, 32. Using the more conservative rate of 3 documents per minute,[6] it would take approximately 33,333 hours to review the 6 million documents produced in this case (Pls. Mot. 2):

6,000,000 documents / 3 documents per minute = 2,000,000 minutes

2,000,000 minutes / 60 minutes per hour = 33,333 hours

With 70 attorneys reviewing documents, each attorney would be responsible for approximately 476 hours of review:

33,333 hours / 70 attorneys = 476 hours per attorney

Assuming a 40 hour work week, the review would be completed in approximately 12 weeks:

476 hours per attorney / 40 hours per week = 11.9 weeks

Defendants completed their document productions on April 30, 2018. Even allowing for time to load hard drives and develop a review protocol, Plaintiffs have provided no explanation why the documents have not already been sufficiently reviewed for purposes of depositions. Nor have Plaintiffs explained why they need an additional six months to do so. It has been 18 weeks since Plaintiffs received Defendants' productions. The first deposition Plaintiffs have agreed to take is in early October (subject to an extension not being granted), over 22 weeks from when Plaintiffs received Defendants' productions. Given that amount of time, Plaintiffs could have had fewer attorneys or shorter work weeks and still reviewed the entirety of the productions.

---

[6] This rate is particularly conservative given Plaintiffs' position that most of the documents at issue are non-responsive and thus should be able to be reviewed at a faster than average pace.

As an alternative to manual review, Plaintiffs state that for their TAR tool "to identify the responsive versus non-responsive documents (rather than prioritize certain types of documents), Plaintiffs would need to start their TAR training from scratch." Pls. Mot. 8 (citing Grossman Decl. ¶ 18). But Plaintiffs fail to explain how long that process would take or why they did not initiate it immediately upon learning in late April of the precision rate issue in United's production, or on July 23 when Plaintiffs allegedly finally understood the nature of the issue in United's production. Grossman Decl., ECF 270-3 at ¶ 13; Pls. Mot. 5-6. Nor do Plaintiffs explain why the TAR tool they have already trained is insufficient. Plaintiffs argue that their TAR tool is trained to find important documents, not responsive documents. Pls. Mot. 7-8. If the non-responsive documents are as irrelevant as Plaintiffs claim, they would be not be identified as "important" by Plaintiffs' TAR tool in the first place. Plaintiffs have made no showing why the nearly six months they will have had before the first scheduled deposition was not enough time to adequately prepare under any of the approaches they could have taken.

Delta has complied with the deadlines in the Court's schedule. Plaintiffs had previously agreed that those deadlines allowed sufficient time for Plaintiffs to prosecute their case. All that has changed since then is that there are fewer parties to depose and fewer responsive documents to review. Under these circumstances, Delta should not be prejudiced with further delay and disruption because Plaintiffs have apparently not taken the necessary steps to prepare in the time allotted. Given Plaintiffs failure to show good cause, their motion should be denied.[7]

[7] Alternatively, the Court could extend the December 14 deadline for fact depositions to January 31, 2019—the current fact discovery deadline—which would allow approximately 45 more days for depositions without extending the fact discovery deadline as Plaintiffs propose. Even if the Court does not extend the fact discovery deadline, Defendants intend to ask the Court to amend the schedule to provide for merits expert discovery and summary judgment briefing to occur before or in parallel with Plaintiffs' motion for class certification. Per the Special Master's instruction, Defendants will file this motion on August 31, 2018.

Dated:   August 30, 2018

/s/ *Michael S. Mitchell*
James P. Denvir (Bar No. 225359)
William A. Isaacson (Bar No. 414788)
Michael S. Mitchell (Bar No. 986708)
Abby L. Dennis (Bar No. 994476)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
jdenvir@bsfllp.com
wisaacson@bsfllp.com
mmitchell@bsfllp.com
adennis@bsfllp.com

*Counsel for Delta Air Lines, Inc.*

**CERTIFICATE OF SERVICE**

    I, Michael S. Mitchell, certify that on August 30, 2018, I caused a true and correct copy of the foregoing Opposition To Plaintiffs' Motion For An Extension Of Fact Discovery Deadlines to be served by the Court's Electronic Case Filing system on all counsel of record.

                        */s/ Michael S. Mitchell*
                        Michael S. Mitchell (Bar No. 986708)
                        BOIES, SCHILLER & FLEXNER LLP
                        1401 New York Avenue, NW
                        Washington, D.C. 20005
                        Telephone: (202) 237-2727
                        Facsimile: (202) 237-6131
                        mmitchell@bsfllp.com

                        *Counsel for Delta Air Lines, Inc.*