# KENNETH A. WEISSMAN

### P. O. Box 72606   Las Vegas, NV 89170-2606

PH/FAX: (310) 499-1463                                                    PH/FAX: (702) 988-6387

October 24, 2018

Clerk of the Court
United States District Court
for the District of Columbia
333 Constitution Avenue
Washington, DC 20001

*Let this be filed*
*Judge CK Kollar Kotelly*
*12/4/18*

Michael D. Hausfeld
Hausfeld, LLP
1700 K Street NW, Suite 650
Washington, DC 20006

Roberta Liebenberg
Fine Kaplan and Black
One South Broad Street, Suite 2300
Philadelphia, PA 19107

Benjamin G. Bradshaw
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, DC 20006

        Re:    In Re:  Domestic Airline Travel Antitrust Litigation, MDL No. 2656

Dear Sirs:

I am writing to object not just to the proposed settlement of this class action litigation, but to the
blatantly improper approval process that the Court has imposed.

According to the Notice, we, the class members, have to voice our objections to the settlement by
January 4, 2019.  However, the Notice and the website do NOT provide sufficient information to
allow the class members to make an informed decision as to whether to object.  Perhaps the
phrase "pig in a poke" means something to you?

The class members are not told whether the settlement funds will be distributed in some
equitable fashion amongst the class members, or whether there will be a cy pres distribution, and


RECEIVED
Mail Room

OCT 29 2018

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Clerk of the Court
Michael D. Hausfeld
Roberta Liebenberg
Benjamin G. Bradshaw
October 24, 2018
Page 2

if so, to what charities and/or government agencies. It is completely unfair to require the class members to decide if they object to the settlement without this information. Perhaps the charities which have not been identified to us, the class members, are ones to which I am hostile. Don't I have the right to know that the settlement will be funding, just as an example, People For The Ethical Treatment of Animals, a charity that I do not support, before I have to decide whether to object to the settlement?

I am therefore objecting to the settlement process, and to the settlement itself.

I do not know if class counsel has pointed out the unfairness of forcing the class members to make a decision without adequate information. If not, shame on Mr. Hausfeld! If this has been pointed out to the Court in briefs or argument, shame on the Court for authorizing this unfair procedure!  Such failures on the part of counsel and/or the court reflect very poorly on our judicial system. This is NOT justice. It bears the stench of corruption. The class members are being taken advantage of.

Very truly yours,

Kenneth A. Weissman

KAW/ss

Anthony J. Mungovan
12555 Doe Lane
Indianapolis, IN 46236

*Let this be filed*
*Judge CKoller-Kotelly*
*12/4/18*

RE: Domestic Airline Travel Antitrust Litigation, MDL No. 2656

November 16, 2018

Clerk of the Court
United States District Court for the
District of Columbia
333 Constitution Avenue
Washington, DC  20001

*15-mc-1404(CKK)*

Class Counsel
Michael D Hausfeld
Hausfeld, LLP
1700 K Street NW, Suite 650
Washington, DC  20006

Southwest Counsel
Roberta Liebenberg
Fine Kaplan and Black
One South Broad Street, Suite 2300
Philadelphia, PA  19107

American Counsel
Benjamin G. Bradshaw
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC  20006

Dear Sirs/Madams,

By this letter I hereby object to the settlement in the above captioned class action lawsuit
because I see it as it really is; an unsavory money grab by greedy lawyers who manipulate our
legal system to enrich themselves at the expense of our free market system.

I find it interesting that I could not find any information in the legal documentation as to what
Michael Hausfeld's law firm is going to pocket for their legal toils. I am assuming it will be
approximately 100,000 times more than any single member of the class action gets. And we call
that "justice!?"

With regret that I have been included in this sordid affair.

Anthony J. Mungovan



RECEIVED
Mail Room

NOV 2 0 2018

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Anthony Mungovan
12555 Doe Ln
Indianapolis IN 46236-8591

INDIANAPOLIS IN 460
17 NOV 2018 PM 5 L

20000-280299

Clerk of Court
US District Court
District of Columbia
333 Constitution Ave
Washington DC 2000(

October 25, 2018

*Let this be filed*
*Judge C Kolla-Kotell*
*12/4/18*

Clerk of the Court
United State District Court for the District of Columbia
333 Constitution Avenue
Washington, DC 20001

*15-mc-1404-CKK*

Michael D. Hausfeld
Hausfeld, LLP
1700 K Street N, #650
Washington, DC 20006

Roberta Liebenberg
Fine Kaplan and Black
One South Broad Street #2300
Philadelphia, PA 19107

Benjamin G. Bradshaw
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006

OBJECTION TO SETTLEMENT BY: (1) SOUTHWEST AIRLINES CO., (2) AMERICAN
AIRLINES CO., and (3) SOUTHWEST AIRLINES CO. AND AMERICAN AIRLINES,
INC. *IN RE DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION*
MDL NO. 2656

I, Sherry Harris, declare as follows:

1. I am a putative class member as described in the Notice of Settlement as I have
purchased domestic airline tickets from Southwest Airlines Co. between July 1,
2011 and December 20, 2017, and American Airlines between July 1, 2011 and
June 14, 2018. I have been and currently am an AAdvantage member and have
been since March 22, 1998.

2. I would and could competently testify to the above as a witness. I am over the age
of 18 and am a citizen of the United States. I make this declaration under the
penalty of perjury under the laws of the Unites States of America. Executed on
October 25, 2018, in Los Angeles, California.

_____
Sherry Harris

OBJECTIONS TO THE SETTLEMENTS REFERENCED ABOVE:



I object to the proposed class settlement by these two defendants in that none of the settlement proceeds have been apportioned to the putative class, but is only to essentially fund the continued litigation against the remaining defendants. Recovery from those remaining defendants is not guaranteed and potentially any effort to recover against them may result in nothing.

By virtue of this proposed settlement, it is my opinion that class counsel has proven to be inadequate. One primary duty of class counsel is to adequately represent the class. There is absolutely no consideration given to the class, but only patent self-serving interest to make class counsel "whole" for the energy, time and funds, spent thus far. There is no apparent thought or consideration given to the putative class members. Class counsel took on the relative risk of pursuing this claim. Class counsel should not be paid at the expense of those people whom class counsel seeks to represent.

I do not want to be represented by class counsel if they seek to be fully compensated, leaving the consumers who actually spent the money to purchase airline tickets with nothing. Class counsel is lining its pockets with the alleged ill-gotten gains of the settling defendants and withholding those funds from those who were allegedly swindled.

I object to the manner in which the settlement funds will be distributed. This settlement should be apportioned in the traditional sense where class counsel receives a percentage of the gross settlement fund and reimbursement of costs expended thus far. Part of the settlement funds should pay for the class settlement administrator and then the balance (assuming no other costs to administer the settlement) should then be divided amongst the putative class members who purchased domestic airline tickets from the settling defendants within the class period. This would be fundamentally fair. To allow class counsel to be paid in full for his services to day AND THEN fund his future endeavors in this vein reeks of plain and simple theft.

I object to the shifting of the relative risk of this litigation to pursue the remaining defendants entirely upon the putative class members. If anything, class counsel should insist that his "clients" be paid even before he is. I request that this Court find that the settlement proposed is neither fair, adequate, or reasonable based upon the above.

Sincerely,

Sherry Harris
2149 Horseshoe Glen Circle
Folsom, CA  95630
Sherryharris9@gmail.com

2

SACRAMENTO CA 957

13 NOV 2018 PM 6 L

S. Harris
2144 Horseshoe Glen Cir.
Folsom, CA 95630

Clerk of the Court
US District Court for DC
333 Constitution Ave
Washington, DC 20001

20001-289999

*Let this be filed*
*Judge Collar-Kotelly*
*12/4/18*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

*15-mc-1404-CKK*

)
)
)
)
IN RE DOMESTIC AIRLINE TRAVEL ) **MDL Docket No. 2656**
ANTITRUST LITIGATION )
) **OBJECTION TO CLASS ACTION**
) **SETTLEMENTS AND NOTICE OF**
) **INTENT TO APPEAR OF**
) **ALEXANDER ZAJAC ON BEHALF OF**
) **THE UNDERSIGNED CLASS**
) **MEMBERS**
)
)
)
)

The undersigned class members hereby object to the proposed class action settlements

and give notice of their intent to appear through one of the undersigned (Alexander J. Zajac,

representing himself and Michelle K. Zajac) at the fairness hearing scheduled for March 22,

2019.

The undersigned have standing by virtue of being class members in the Southwest

settlement (i.e., having purchased a ticket from Southwest between July 1, 2011 and December

20, 2017). Exhibit A is a receipt of Mr. Zajac for Southwest dated April 11, 2017, and Exhibit B

is a receipt of Mrs. Zajac for Southwest dated May 27, 2014. Mr. Zajac also has standing by

virtue of being a class member in the American settlement (i.e., having purchased a ticket from

American between July 1, 2011 and June 14, 2018). Exhibit C is a receipt of Mr. Zajac for

American dated January 5, 2017.



RECEIVED
Mail Room

NOV 1 9 2018

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## BACKGROUND

Because the court is aware of the history of this case, we set forth here only those facts

necessary for an understanding of the settlement and its deficiencies. The settlement arises out of

a class action filed by the class representatives against American Airlines, Delta Air Lines,

Southwest Airlines, and United Airlines. Defendants Southwest and American have proposed a

settlement for class members consisting of persons and entities who purchased air passenger

transportation services for flights within the United States and its territories and the District of

Columbia from American, Delta, Southwest, United, Continental, or US Airways at any time

between July 1, 2011, and December 20, 2017, for the Southwest Settlement and between July 1,

2011, and June 14, 2018, for the American Settlement.

The Settlement Agreements currently before the court propose the creation of a

Settlement Fund. Defendant Southwest will contribute $15 million to the Fund, and Defendant

American will contribute $45 million to the Fund.

## ARGUMENT

In order to approve the pending Settlement Agreements, the court must determine

whether the "settlement is fair, adequate, and reasonable and is not the product of collusion

between the parties." *Pigford v. Glickman*, 206 F.3d 1212, 1215 (D.C. Cir. 2000). The primary

part of this task is to "evaluate the terms of the settlement in relation to the strength of the

plaintiffs' case." *Thomas v. Albright*, 139 F.3d 227, 231 (D.C. Cir. 1998).

Plaintiffs established a *prima facie* strong case as it has survived a 12(b)(6) motion from

the Defendants. *See In re Domestic Airline Travel Antitrust Litig.*, 221 F. Supp. 3d 46 (D.D.C.

2016). For example, in addition to parallel conduct, Plaintiffs possess "statements made during

earning calls with analysts, at airline industry conferences as well as other conferences, and at

meetings of the International Air Transport Association" evidencing the alleged agreement in violation of the Sherman Act. *Id.* at 59. Plaintiffs further have cited historical irregularities in capacity evidencing an agreement between Defendants. *Id.* Plaintiffs have "statements made by Defendants' executives" as evidence of this agreement to reduce capacity. *Id.* at 60. The court further went through a detailed analysis of the very specific facts Plaintiffs alleged in rejecting the Defendants' 12(b)(6) motion. *See id.* at 60-65.

Under the Sherman Act, each class member would, after trial, be entitled to "threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." 15 U.S.C. § 15(a). The average airline ticket has gone from $405.67 (in 2018 inflation-adjusted dollars) in 2011 to $355.67 (in 2018 inflation-adjusted dollars) in 2017. Bureau of Transportation Statistics, "Average Domestic Airline Itinerary Fares," (Oct. 16, 2018), *available at* https://www.transtats.bts.gov/AverageFare/. If even a small fraction of 1% of the average ticket cost is attributable to the alleged Sherman Act violation,[1] then the average class member would be entitled to, on average, $10.65 (threefold of $3.55) per ticket purchased. The average class member would collect this amount in full because the Sherman Act provides for payment of attorney's fees by Defendants.

Despite the vast sums to which class members are likely entitled,[2] counsel for class representatives have admitted the following:

---

[1] Plaintiffs assert that "Defendants earned a record $22 billion in net income in 2015, with American earning $7.6 billion, Delta earning $4.6 billion, Southwest earning $2.2 billion, and United earning $7.3 billion," which "can be attributed in part to the decrease in the cost of jet fuel" but also in part due to the alleged collusion. *In re Domestic Airline Travel Antitrust Litig.*, 221 F. Supp. 3d at 64.

[2] Objectors note that $10.65 per ticket is a very *conservative* estimate, being based on *lower 2017 average* ticket prices and an arbitrarily low 1% estimate of the effects of the alleged collusion. Regardless, Plaintiffs (*see In re Domestic Airline Travel Antitrust Litig.*, 221 F. Supp. 3d at 53 ("Plaintiffs believe that the number of Class members is in the millions.")) as well as this court (*see In re Domestic Airline Travel Antitrust Litig.*, No. 1:15-mc-01404-CKK (Mem. Op. regarding Motion for Approval of Settlement Notice Program) (D.D.C. Aug. 22, 2018), slip op. at 11 ("an estimated 84-153 million prospective members of the class")) agree that there are millions of class members.

> Given the number of Settlement Class Members, it may not be
> economically practical to make a direct cash distribution to Class
> Members until additional settlements or judgments are achieved. It
> is possible that after deductions for any attorneys' fees, litigation
> expenses, settlement administration expenses, and class
> representative incentive awards approved by the Court, the
> remaining amount will be distributed to charities, governmental
> entities, or other beneficiaries approved by the Court.

"Domestic Airlines Antitrust Litigation Settlements: FAQ" (Oct. 19, 2018), *available at*

https://domesticairclass.com/FAQ. Objectors submit that a settlement amount too small to

convey at least a few dollars to each class member as well as provide for reasonable attorneys'

fees to Plaintiffs' counsel is inherently unfair for at least the following reasons.

First, the primary factor for determining fairness is to "evaluate the terms of the

settlement in relation to the strength of the plaintiffs' case." *Thomas v. Albright*, 139 F.3d at 231.

As explained above, Plaintiffs' pleadings and potential scope of damages have established a

strong case with a potentially large scope of damages. On the other hand, a mere $60 million is

being provided for both reasonable attorneys' fees and to satisfy damages of "an estimated 84-

153 million prospective members of the class." *In re Domestic Airline Travel Antitrust Litig.*,

No. 1:15-mc-01404-CKK (Mem. Op. regarding Motion for Approval of Settlement Notice

Program) (D.D.C. Aug. 22, 2018), slip op. at 11. Attorneys' fees are, on average, 27% of

settlement funds in class actions. Theodore Eisenberg, Geoffrey Miller & Roy Germano,

*Attorneys' Fees in Class Actions: 2009-2013*, 92 N.Y.U. L. Rev. 937, 947 (2017). Therefore, out

of the total $60 million provided by Southwest and American, only $43.8 million will likely

remain for division amongst 84-153 million class members. Without accounting for

administrative expenses, a mere $0.28 to $0.52 per class member is being provided. On its face,

this settlement is too small to convey any fiduciary benefit on the class members. This result is

unfair in view of a strong case whose final damages, if a favorable verdict is obtained, would

average *at least* $10.65 *per ticket* per class member *plus* attorneys' fees.

Second, objectors submit that a settlement in the model of *Schlesinger v. Ticketmaster*

would be better than the suboptimal Settlement Agreements before the court. It is far more

efficient, from an administrative standpoint, and is far fairer, to provide class members vouchers

for future airline ticket purchases rather than an administratively impractical amount of cash.

This court has already found that Southwest is in possession of email addresses for

approximately 95% of customers (and thus, presumably, 95% of class members). *In re Domestic

Airline Travel Antitrust Litig.*, No. 1:15-mc-01404-CKK (Mem. Op. regarding Motion for

Approval of Settlement Notice Program) (D.D.C. Aug. 22, 2018), slip op. at 7-8. This court

determined that this email notification was fair provided it was "supplemented by publication

through print and media outlets and numerous websites, databases and online services." *Id.* at 13.

The administrative costs of sending emails to a list of customers already in Defendants'

possession is relatively low, even if supplemented by publication and online services. Thus, by

providing the majority of vouchers to class members via email, a significant portion of

administrative costs attributable to direct mailing of checks to class members may be deferred

while still ensuring that compensation is provided to class members.

Objectors note that the present case is not similar to other cases in which voucher-based

compensation was found economically unpractical. For example, in *Cohen v. Chilcott*, this court

noted that "most Class Members purchased relatively few packs of Ovcon during the Class

Period" such that it was not clear that "a coupon system actually would benefit the majority of

class members." 522 F. Supp. 2d 105, 120 (D.D.C. 2007). On the other hand, as one example, 49

percent of Americans reported that they flew commercially in 2016. Airlines for America, *Air*

*Travels in America: Survey Highlights* at 4, *available at* http://airlines.org/wp-

content/uploads/2017/02/Heimlich-AirTravelSurvey-FINAL-28Feb2017.pdf. Moreover, only

27% of these fliers took a single trip. *Id.* at 5. Accordingly, even assuming (incorrectly) that all

27% will not fly again in the next few years, 22% of Americans are very likely to fly again in the

next few years. Because these percentages are based on 2015 census data (*id.* at 2), 22%

translates to a total of 70.7 million. This represents a majority of all but the uppermost ranges of

this court's "estimated 84-153 million prospective members of the class." *In re Domestic Airline*

*Travel Antitrust Litig.*, No. 1:15-mc-01404-CKK (Mem. Op. regarding Motion for Approval of

Settlement Notice Program) (D.D.C. Aug. 22, 2018), slip op. at 11. Moreover, objectors note that

this conservative estimate is a deliberate *under*estimate: At least *some* of the 27% of Americans

that flew one time in 2016 *will* fly again in the next few years.

Moreover, it is relatively easy to design a transferable voucher system that provides

benefits even to those who do not fly again in the next few years. The Ticketmaster discount

codes were applicable regardless of who was using the purchased tickets. Similarly, Settling

Defendants may provide vouchers transferable at least to family members. This will allow

demographics that fly less frequently, such as individuals of ages 65+ or 18-24 (*see* Airlines for

America, *Air Travels in America: Survey Highlights* at 8), to receive economic benefits from

transferring their vouchers to other family members.

A voucher program in this case is also unlike the proposed voucher program in *Cohen v.*

*Chilcott*. In *Cohen*, this court noted, "Obtaining pharmacy records from two of the nation's three

largest drug store chains costs between $6 and $50, and states' charges associated with patients

obtaining copies of their medical records may be between $20.00 and $40.00" such that "the

costs involved with creating and administering a system for individualized distributions,

combined with the costs to particular Class Members of obtaining the requisite documentation, would dwarf the individual recovery to any Class Member. **Many of these same costs would apply in administering a coupon system.**" 522 F. Supp. 2d at 120 (emphasis added). In the present case, as explained above, Defendants' are in full possession of email addresses for the vast majority of class members, and class members are in full possession of receipts proving their purchase of airline tickets. Only administrative costs of processing claims remain, and this may be minimized during the design process for the values and number of vouchers and distribution thereof amongst class members.

Objectors recognize that courts have routinely approved settlement funds smaller than practical for individualized distribution. *See Cohen v. Chilcott*, 522 F. Supp. 2d 105. However, all of the indicia considered by this very court in the *Cohen* case that weighed against individualized distribution weigh in the *opposite* direction here. For example, as explained above, there is little "difficulty of identifying proper claimants." *Id.* at 120 (quoting *In re Toys "R" Us Antitrust Litig.*, 191 F.R.D. 347, 353 (S.D.N.Y. 2000). Defendants are in possession of email addresses for the vast majority of claimants, and class members are in possession of receipts as proof of claims. Moroever, as noted at the beginning, Plaintiffs in this case not only "have presented a bold face" but do *not* face "substantial—and potentially fatal—defenses," as the plaintiffs in *Cohen* did. 522 F. Supp. 2d at 119. Accordingly, the limited Settlement Fund in this case is not justified as it was in *Cohen*.

In fact, in *Cohen*, the settlement created a "common fund valued at $8.3 million," which represented "a recovery of more than 75% of Plaintiffs' highest estimate of damages." *Id.* at 121. Thus, it was reasonable for this court to conclude that the impracticality of distributing such a favorable settlement fund did not render the settlement unreasonable. This case presents starkly

different circumstances. Objectors' *very conservative* back-of-the-envelope estimate of damages is *twenty times* what the Settlement Funds provide, and this is *before* reduction for attorneys' fees (which are separately collectable from Defendants under the Sherman Act). Objectors submits that settlement of a case as strong as this one for *less than 5% of the most conservative damage estimate* is inherently unfair.

For at least the foregoing reasons, the undersigned object to the proposed Settlement Agreements and respectfully urge the court to deny approval thereof.

Dated: _November 13, 2018_   Electronically Signed By: _/Alexander J. Zajac/_

Alexander J. Zajac, Objecting Class Member
225 Lastner Ln
Greenbelt, MD 20770
(202) 408-4182
alexander.zajac@finnegan.com

Dated: _November 13, 2018_   Electronically Signed By: _/Michelle K. Zajac/_

Michelle K. Zajac, Objecting Class Member
225 Lastner Ln
Greenbelt, MD 20770
(717) 329-5154
mkd49@georgetown.edu

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| ) | |
| IN RE DOMESTIC AIRLINE TRAVEL ) | **MDL Docket No. 2656** |
| ANTITRUST LITIGATION ) | |
| ) | **OBJECTION TO CLASS ACTION** |
| ) | **SETTLEMENT AND NOTICE OF** |
| ) | **INTENT TO APPEAR OF** |
| ) | **ALEXANDER ZAJAC ON BEHALF OF** |
| ) | **THE UNDERSIGNED CLASS** |
| ) | **MEMBERS** |
| ) | |
| ) | |
| ) | |
| ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Objections

and Notice of Intent was served upon Class Counsel, American's Counsel, and Southwest's

Counsel by First Class Mail this 13th day of November, 2018.


Dated: __November 13, 2018__          Electronically Signed By: __/Alexander J. Zajac/__

                                      Alexander J. Zajac, Objecting Class Member

# EXHIBIT A

Case 1:15-mc-01404-CKK   Document 301   Filed 12/04/18   Page 18 of 36

11/12/2018                    Gmail - Flight reservation (WK7STL) | 18OCT17 | DCA-HOU | Zajac/Alexander Joseph, Zajac/Michelle Kathleen, D...

 **Gmail**

Alex Zajac <zajac.attack@gmail.com>

---

# Flight reservation (WK7STL) | 18OCT17 | DCA-HOU | Zajac/Alexander Joseph, Zajac/Michelle Kathleen, D...

---

**Southwest Airlines** <SouthwestAirlines@luv.southwest.com>                    Tue, Apr 11, 2017 at 10:32 PM
Reply-To: Southwest Airlines <reply@wnco.com>
To: zajac.attack@gmail.com

Thanks for choosing Southwest® for your trip.

## Southwest's

👤 **Log in** | **View my itinerary**

| Check In Online | Check Flight Status | Change Flight | Special Offers | Hotel Offers | Car Offers |

### Ready for takeoff!

Thanks for choosing Southwest® for your trip. You'll find everything you need to know about your reservation below. Happy travels!



Save up to 35%

on base rates and earn up to 2,400 Rapid Rewards® points. Terms apply.

**Hertz**

Book car >

 **Air itinerary**

## AIR Confirmation: WK7STL

Confirmation Date: 04/11/2017

| Passenger(s) | Rapid Rewards # | Ticket # | Expiration | Est. Points Earned |
|---|---|---|---|---|
| ZAJAC/ALEXANDER JOSEPH | Join or Add # | 5268514657056 | Apr 12, 2018 | 641 |
| ZAJAC/MICHELLE KATHLEEN | Join or Add # | 5268514657057 | Apr 12, 2018 | 641 |
| DAILEY/KAREN S | Join or Add # | 5268514657055 | Apr 12, 2018 | 641 |

Rapid Rewards points earned are only estimates. Not a member - visit **Southwest.com/rapidrewards** and sign up today!

| Date | Flight | Departure/Arrival |
|---|---|---|
| Wed Oct 18 | 958 | Depart **WASHINGTON (REAGAN NATIONAL), DC** (DCA) on Southwest Airlines at **06:05 PM** Arrive in **HOUSTON (HOBBY), TX** (HOU) at **08:25 PM** Travel Time 3 hrs 20 mins Wanna Get Away |



**EarlyBird Check-In®**

Let us take care of check-in for you.

**Get it now**

✅ **Check in for your flight(s):** 24 hours before your trip on Southwest.com or your mobile device to secure your boarding position. You'll be assigned a boarding position based on your check-in time. The earlier you check in within 24 hours of your flight, the earlier you get to board.



**Earn up to 10,000** Rapid Rewards® points per night.

Select your room >

 **Bags fly free®:** First and second checked bags. Weight and size limits apply. One small bag and one personal item are permitted as carryon items, free of charge.

11/12/2018 Gmail - Flight reservation (WK7STL) | 18OCT17 | DCA-HOU | Zajac/Alexander Joseph, Zajac/Michelle Kathleen, D...

**30 minutes before departure:** We encourage you to arrive in the gate area no later than 30 minutes prior to your flight's scheduled departure as we may begin boarding as early as 30 minutes before your flight.

**10 minutes before departure:** You must obtain your boarding pass(es) and be in the gate area for boarding at least 10 minutes prior to your flight's scheduled departure time. If not, Southwest may cancel your reserved space and you will not be eligible for denied boarding compensation.

**If you do not plan to travel on your flight:** In accordance with Southwest's No Show Policy, you must notify Southwest at least 10 minutes prior to your flight's scheduled departure if you do not plan to travel on your flight. Customers who fail to cancel reservations for a Wanna Get Away fare segment at least ten (10) minutes prior to travel and who do not board the flight will be considered a no show, and all remaining unused Wanna Get Away funds will be forfeited. All remaining unused Business Select and Anytime funds will be converted to reusable travel funds. If you no show your reward travel reservation, the points will be redeposited to the purchaser's Rapid Rewards account. Any taxes and fees associated with your reward travel reservation will be held for future use in the form of reusable travel funds under the name of the traveler(s).

Need to make a change? Keep your confirmation number on record. It will be used to retrieve your reservation and apply funds to future travel.

**New Reservation System:** We're transitioning to a next generation reservation system. During this time Customers who book for certain travel dates will receive multiple flight confirmation numbers and confirmation emails. Learn More about our exciting journey.



Add a rental car

✓ Earn Rapid Rewards® points
✓ Guaranteed low rates
✓ Free cancellation

Book a car >

**Travel more for less.**

Exclusive deals for your favorite destinations.

Sign up and save >

**Southwest**
Rapid Rewards

✓ Unlimited reward seats
✓ No blackout dates
✓ Redeem for International flights and more

Enroll now >

**Air Cost:** 386.85

Fare Rule(s): 5268514657056: NONREF/NONTRANSFERABLE STANDBY REQ UPGRADE TO Y -BG WN
5268514657057: NONREF/NONTRANSFERABLE STANDBY REQ UPGRADE TO Y -BG WN
5268514657055: NONREF/NONTRANSFERABLE STANDBY REQ UPGRADE TO Y -BG WN
Valid only on Southwest Airlines. All travel involving funds from this Confirmation Number must be completed by the expiration date. Unused travel funds may only be applied toward the purchase of future travel for the individual named on the ticket. Any changes to this itinerary may result in a fare increase. Failure to cancel reservations for a Wanna Get Away fare segment at least 10 minutes prior to travel will result in the forfeiture of all remaining unused funds.

WAS WN HOU106.73USD106.73END ZP DCA4.10 XF DCA4.5

 Learn about our boarding process

 Learn about inflight WiFi & entertainment

## Cost and Payment Summary

✈ AIR - WK7STL

| | | Payment Information |
|---|---|---|
| Base Fare | $ 320.19 | Payment Type: Visa XXXXXXXXXXXX1753 |
| Excise Taxes | $ 24.06 | Date: Apr 11, 2017 |
| September 11th Security Fee | $ 16.80 | Payment Amount: $128.95 |
| Segment Fee | $ 12.30 | |
| Passenger Facility Charge | $ 13.50 | |
| **Total Air Cost** | **$ 386.85** | Payment Type: Visa XXXXXXXXXXXX1753 |
| | | Date: Apr 11, 2017 |
| | | Payment Amount: $128.95 |

Gmail - Flight reservation (WK7STL) | 18OCT17 | DCA-HOU | Zajac/Alexander Joseph, Zajac/Michelle Kathleen, D...

Payment Type: Visa XXXXXXXXXXXXX1753
Date: Apr 11, 2017
Payment Amount: $128.95

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| **Useful Tools** | **Know Before You Go** | **Special Travel Needs** |
| --- | --- | --- |
| Check In Online | In the Airport | Traveling with Children |
| Early Bird Check-In | Baggage Policies | Traveling with Pets |
| View/Share Itinerary | Suggested Airport Arrival Times | Unaccompanied Minors |
| Change Air Reservation | Security Procedures | Baby on Board |
| Cancel Air Reservation | Customers of Size | Customers with Disabilities |
| Check Flight Status | In the Air | |
| Flight Status Notification | Purchasing and Refunds | |
| Book a Car | | |
| Book a Hotel | | |

**Legal Policies & Helpful Information**

| Privacy Policy | Customer Service Commitment | Contact Us |
| --- | --- | --- |
| Notice of Incorporated Terms | FAQs | |

Book Air | Book Hotel | Book Car | Book Vacation Packages | See Special Offers | Manage My Account

This is a post-only mailing from Southwest Airlines. Please do not attempt to respond to this message. Your privacy is important to us. Please read our Privacy Policy.

[1] All travel involving funds from this Confirmation Number must be completed by the expiration date.

[2] Security Fee is the government-imposed September 11th Security Fee.

See Southwest Airlines Co. Notice of Incorporation
See Southwest Airlines Limit of Liability

Southwest Airlines
P.O. Box 36647-1CR
Dallas, TX 75235

Contact Us

Copyright 2017 Southwest Airlines Co. All Rights Reserved.

# EXHIBIT B

Case 1:15-mc-01404-CKK   Document 301   Filed 12/04/18   Page 22 of 36

11/12/2018          Georgetown University Mail - Fwd: Flight reservation (MZ4R5S) | 17JUN14 | DCA-MCO | Dailey/Michelle Kathleen, Zajac/Alexander J



*GEORGETOWN UNIVERSITY*

Alexander Zajac <ajz26@georgetown.edu>

## Fwd: Flight reservation (MZ4R5S) | 17JUN14 | DCA-MCO | Dailey/Michelle Kathleen, Zajac/Alexander J

**Michelle Zajac** <mkd49@georgetown.edu>                    Sun, Nov 11, 2018 at 8:38 PM
To: Alexander Zajac <ajz26@georgetown.edu>

---------- Forwarded message ----------
From: **Southwest Airlines** <SouthwestAirlines@luv.southwest.com>
Date: Tue, May 27, 2014 at 10:58 PM
Subject: Flight reservation (MZ4R5S) | 17JUN14 | DCA-MCO | Dailey/Michelle Kathleen, Zajac/Alexander J
To: MKD49@georgetown.edu

You're all set for your trip!
Southwest Airlines

My Account | View My Itinerary Online

| Check In Online | Check Flight Status | Change Flight | Special Offers | Hotel Offers | Car Offers |

## Ready for takeoff!

Thanks for choosing Southwest® for your trip! You'll find everything you need to know about your reservation below. Happy travels!

**Upcoming Trip:** Disney World



Save up to 30%
Plus earn up to 2,400
Rapid Rewards® points.

Let's go!

Budget®

**AIR Itinerary**

### AIR Confirmation: MZ4R5S

Confirmation Date: 05/27/2014

EarlyBird Check-in - A More Convenient Way To Travel

| Passenger(s) | Rapid Rewards # | Ticket # | Expiration | Est. Points Earned |
|---|---|---|---|---|
| DAILEY/MICHELLE KATHLEEN | 20010347044 | 5262418542149 | May 27, 2015 | 1150 |
| ZAJAC/ALEXANDER J | 20164823103 | 5262418542150 | May 27, 2015 | 1150 |

Rapid Rewards points earned are only estimates. Visit your (MySouthwest, Southwest.com or Rapid Rewards) account for the most accurate totals - including A-List & A-List Preferred bonus points.

| Date | Flight | Departure/Arrival |
|---|---|---|
| Tue Jun 17 | 125 | Depart **WASHINGTON (REAGAN NATIONAL), DC** (DCA) on Southwest Airlines at **09:00 AM**<br>*Stops: Atlanta, GA*<br>Arrive in **ORLANDO, FL** (MCO) at **1:05 PM**<br>Travel Time 4 hrs 5 mins<br>Wanna Get Away |
| Tue Jun 24 | 3716 | Depart **ORLANDO, FL** (MCO) on Southwest Airlines at **06:15 AM**<br>Arrive in **ATLANTA, GA** (ATL) at **07:50 AM** |

Case 1:15-mc-01404-CKK  Document 301  Filed 12/04/18  Page 23 of 36

11/12/2018          Georgetown University Mail - Fwd: Flight reservation (MZ4R5S) | 17JUN14 | DCA-MCO | Dailey/Michelle Kathleen, Zajac/Alexander J

Wanna Get Away

4494        Change planes to Southwest Airlines in ATLANTA, GA (ATL)
            at 09:30 AM
            Arrive in WASHINGTON (REAGAN NATIONAL), DC (DCA)
            at 11:25 AM
            Travel Time 5 hrs 10 mins
            Wanna Get Away

## What you need to know to travel:

- Don't forget to check in for your flight(s) 24 hours before your trip on southwest.com or your mobile device. This will secure your boarding position on your flights.
- Southwest Airlines does not have assigned seats, so you can choose your seat when you board the plane. You will be assigned a boarding position based on your checkin time. The earlier you check in, within 24 hours of your flight, the earlier you get to board.

## Remember to be in the gate area on time and ready to board:

Sign Up 'n Save

- 30 minutes prior to scheduled departure time: We may begin boarding as early as 30 minutes prior to your flight's scheduled departure time. We encourage all passengers to plan to arrive in the gate area no later than this time.
- 10 minutes prior to scheduled departure time: All passengers must obtain their boarding passes and be in the gate area available for boarding at least 10 minutes prior to your flight's scheduled departure time. If not, Southwest may cancel your reserved space and you will not be eligible for denied boarding compensation.
- If you do not plan to travel on your flight: In accordance with Southwest's No Show Policy, you must notify Southwest at least 10 minutes prior to your flight's scheduled departure if you do not plan to travel on the flight. If not, Southwest will cancel your reservation and all funds will be forfeited.

**Air Cost: 486.00**

Carryon items: 1 Bag + small personal item are free. See full details. Checked items: First and second bags fly free. Weight and size limits apply.

Enroll Now. It's Free

Fare Rule(s): 5262418542149: NONREF/NONTRANSFERABLE/STANDBY REQ UPGRADE TO Y.
5262418542150: NONREF/NONTRANSFERABLE/STANDBY REQ UPGRADE TO Y.
Valid only on Southwest Airlines. All travel involving funds from this Confirmation Number must be completed by the expiration date. Unused travel funds may only be applied toward the purchase of future travel for the individual named on the ticket. Any changes to this itinerary may result in a fare increase. Failure to cancel reservations for a Wanna Get Away fare segment at least 10 minutes prior to travel will result in the forfeiture of all remaining unused funds.

WAS WN ORL95.81NLAVWNRO WN X/ATL WN WAS95.81NLAVWNRO 191.62 END
ZPDCAATLMCOATL XFDCA4.5MCO4.5ATL4.5 AY7.50$DCA2.50 MCO2.50 ATL2.50


Learn  Learn About Our
About  Boarding Process
Our
Boarding
Process

EarlyBird
Check-in - A    Get EarlyBird
More            Check-in® Details
Convenient Way
To Travel

## Cost and Payment Summary

### AIR - MZ4R5S

| | | | |
|---|---|---|---|
| Base Fare | $ | 383.24 | **Payment Information** |
| Excise Taxes | $ | 28.76 | Payment Type: Visa XXXXXXXXXXXX6323 |
| Segment Fee | $ | 32.00 | Date: May 27, 2014 |
| Passenger Facility Charge | $ | 27.00 | Payment Amount: $486.00 |
| September 11th Security Fee | $ | 15.00 | |
| **Total Air Cost** | **$** | **486.00** | |

          

| Useful Tools | Know Before You Go | Special Travel Needs |
|---|---|---|
| Check In Online | In the Airport | Traveling with Children |

Case 1:15-mc-01404-CKK   Document 301   Filed 12/04/18   Page 24 of 36

11/12/2018          Georgetown University Mail - Fwd: Flight reservation (MZ4R5S) | 17JUN14 | DCA-MCO | Dalley/Michelle Kathleen, Zajac/Alexander J

Early Bird Check-In          Baggage Policies              Traveling with Pets
View/Share Itinerary          Suggested Airport Arrival Times   Unaccompanied Minors
Change Air Reservation        Security Procedures            Baby on Board
Cancel Air Reservation        Customers of Size              Customers with Disabilities
Check Flight Status           In the Air
Flight Status Notification    Purchasing and Refunds
Book a Car
Book a Hotel

## Legal Policies & Helpful Information

Privacy Policy                Customer Service Commitment    Contact Us
Notice of Incorporated Terms  FAQs

Book Air | Book Hotel | Book Car | Book Vacation Packages | See Special Offers | Manage My Account

This is a post-only mailing from Southwest Airlines. Please do not attempt to respond to this message. Your privacy is important to us, Please read our Privacy Policy.

[1] All travel involving funds from this Confirmation Number must be completed by the expiration date.

[2] Security Fee is the government-imposed September 11th Security Fee.

See Southwest Airlines Co. Notice of Incorporation
See Southwest Airlines Limit of Liability

Southwest Airlines
P.O. Box 36647-1CR
Dallas, TX 75235

Contact Us

Copyright 2014 Southwest Airlines Co. All Rights Reserved.

# EXHIBIT C

M Gmail                                        Alex Zajac <zajac.attack@gmail.com>

## Your trip confirmation-XARVRJ 27MAR

**American Airlines@aa.com** <notify@aa.globalnotifications.com>        Thu, Jan 5, 2017 at 2:02 PM
To: "ZAJAC.ATTACK@GMAIL.COM" <ZAJAC.ATTACK@gmail.com>

American Airlines

Hello Alexander Zajac!                                         Issued: Jan 5, 2017



Your trip confirmation and receipt

### Record locator: **XARVRJ**

Thank you for choosing American Airlines / American Eagle, a member of
the **one**world® Alliance.

There has been a recent SCHEDULE CHANGE to the passenger's
reservation and the current itinerary is listed below.  Print and retain this
document for use throughout your trip.

Please check your departure/arrival gate information prior to arriving at the
airport.

Check-in options may be found at www.aa.com/options. Should you need to
change your reservation, please call 1-800-433-7300 and refer to the
below  record locator.  If you reside outside the U.S., please visit Customer
Service for the AA office nearest you.

[ View your trip ]

## Monday, March 27, 2017

IAD                          LHR                    Seats: 0 , 0

| **10:25** PM | → | **10:35** AM | Class: Economy (O) |
| Washington Dulles | | London Heathrow | Meals: |

American Airlines 6192 OPERATED BY BRITISH AIRWAYS.

---

### Sunday, April 2, 2017

| LHR | | IAD | Seats: <u>0</u> , <u>0</u> |
| **9:40** AM | → | **12:45** PM | Class: Economy (O) |
| London Heathrow | | Washington Dulles | Meals: |

American Airlines 6168 OPERATED BY BRITISH AIRWAYS.

---

### Alexander Zajac

### Earn miles with this trip.

Join AAdvantage »

Ticket # 0012107779585

---

### Michelle Zajac

### Earn miles with this trip.

Join AAdvantage »

Ticket # 0012107779586

---

## Your trip receipt

 Exchange

Alexander Zajac

---

Michelle Zajac

---



Book a hotel »



Buy trip insurance »



Book a car »



Remind me to Uber »



Limited-time offer:
Earn 50,000 bonus miles
after qualifying purchases
Learn more>>

American Airlines

JOIN THE AADVANTAGE
PROGRAM FOR FREE

ENROLL NOW

Up to 35% off base rates plus
500 AAdvantage® bonus miles.

   



Activate a new Sprint account
and earn up to 25,000 miles.
Sign up for this offer today at
sprint.com/AAdvantage.



---

Contact us | Privacy policy

Get the American Airlines app

   

**Baggage Information**

Baggage charges for your itinerary will be governed by American Airlines BAG ALLOWANCE -
IADLHR-01 Piece/ American Airlines /UP TO 50 LB/23 KG AND UP TO 62 LINEAR IN/158
LINEAR CM BAG ALLOWANCE -LHRIAD-01 Piece/ American Airlines /UP TO 50 LB/23 KG AND
UP TO 62 LINEAR IN/158 LINEAR CM 1STCHECKED BAG FEE-IADLHR-USD0.00/ American
Airlines /UP TO 50 LB/23 KG AND UP TO 62 LINEAR IN/158 LINEAR CM 1STCHECKED BAG
FEE-LHRIAD-USD0.00/ American Airlines /UP TO 50 LB/23 KG AND UP TO 62 LINEAR IN/158
LINEAR CM 2NDCHECKED BAG FEE-IADLHR-USD100.00/ American Airlines /UP TO 50 LB/23
KG AND UP TO 62 LINEAR IN/158 LINEAR CM** 2NDCHECKED BAG FEE-LHRIAD-
USD100.00/ American Airlines /UP TO 50 LB/23 KG AND UP TO 62 LINEAR IN/158 LINEAR
CM** **BAG FEES APPLY AT EACH CHECK IN LOCATION ADDITIONAL ALLOWANCES
AND/OR DISCOUNTS MAY APPLY

One or more of your flights is a Codeshare flight and is operated by a Partner Airline. If your
journey begins with a flight operated by one of American's Partner Airlines, then please check-in
with the Partner Airline for that portion of your journey. Upon check-in, they will check your
luggage to its final destination and provide boarding passes for your connecting flights, if
applicable.

Electronic tickets are NOT TRANSFERABLE. Tickets with nonrestrictive fares are valid for one
year from original date of issue. If you have questions regarding our refund policy, please visit
www.aa.com/refunds.

If you purchased a Preferred Seat prior to this Schedule Change, please visit www.aa.com to
ensure your seat reservation has not changed.

To change your reservation, please visit Customer Service.

Check-in times will vary by departure location. In order to determine the time you need to check-in
at the airport, please visit www.aa.com/airportexpectations.

Air transportation on American Airlines and the American Eagle carriers® is subject to

American's

conditions of carriage..

**NOTICE OF INCORPORATED TERMS OF CONTRACT**

Air Transportation, whether it is domestic or international (including domestic portions of international journeys), is subject to the individual terms of the transporting air carriers, which are herein incorporated by reference and made part of the contract of carriage. Other carriers on which you may be ticketed may have different conditions of carriage. International air transportation, including the carrier's liability, may also be governed by applicable tariffs on file with the U.S. and other governments and by the Warsaw Convention, as amended, or by the Montreal Convention. Incorporated terms may include, but are not restricted to: 1. Rules and limits on liability for personal injury or death, 2. Rules and limits on liability for baggage, including fragile or perishable goods, and availability of excess valuation charges, 3. Claim restrictions, including time periods in which passengers must file a claim or bring an action against the air carrier, 4. Rights on the air carrier to change terms of the contract, 5. Rules on reconfirmation of reservations, check-in times and refusal to carry, 6. Rights of the air carrier and limits on liability for delay or failure to perform service, including schedule changes, substitution of alternate air carriers or aircraft and rerouting.

You can obtain additional information on items 1 through 6 above at any U.S. location where the transporting air carrier's tickets are sold. You have the right to inspect the full text of each transporting air carrier's terms at its airport and city ticket offices. You also have the right, upon request, to receive (free of charge) the full text of the applicable terms incorporated by reference from each of the transporting air carriers. Information on ordering the full text of each air carrier's terms is available at any U.S. location where the air carrier's tickets are sold or you can click on the Conditions of Carriage button below.

If you have a customer service issue, please Contact AA..

NOTICE: This email and any information, files or attachments are for the exclusive and confidential use of the intended recipient(s). This message contains confidential and proprietary information of American Airlines (such as customer and business data) that may not be read, searched, distributed or otherwise used by anyone other than the intended recipient. If you are not an intended recipient, please do not read, distribute, or take action in reliance upon this message. If you suspect you have received this email in error, please notify the sender and promptly delete this message and its attachments from your computer.

NRID: 64115862585005130151115700

Sean Klover
13858 Countryplace Dr.
Orlando, FL 32826
(314) 265-7706

*95-mc-1404(CKK)*

November 9, 2018

Clerk of the Court
United States District Court for the District of Columbia
333 Constitution Ave.
Washington, DC 20001

*Let this be filed*
*Judge CKollar-Kotelly*
*12/4/18*

RE: *In re Domestic Airline Travel Antitrust Litigation*, MDL No. 2656

Dear Clerk of the Court:

As a member of the class in both the Southwest Airlines and American Airlines
Settlements as proposed in *In re Domestic Airline Travel Antitrust Litigation*, I hereby object to
both proposed settlements. While I do not intend to appear at the Fairness Hearing, I believe the
Court should hear from me why the proposed settlements are neither fair, nor reasonable, nor
adequate. The reasons for which I base my belief are described as follows:

In Section 17, the detailed notice states "Class Counsel may ask the Court for attorneys'
fees up to 30% of the respective $15 million and $45 million Settlement Funds and
reimbursement for costs and expenses incurred in this litigation." Thus, Class Counsel may
receive up to $18 million from the Southwest and American settlements. Even without
considering additional costs that Class Counsel could receive, this leaves $42 million for
members of the class. Even without considering that the Class Representatives will likely receive
several thousand dollars each, the remaining settlement amount is an insignificant figure
compared to the number of potential members of the class, which could number hundreds of
millions of Americans.

In this case, the settlement is likely to result in a *cy pres* payment. While a *cy pres*-only
settlement may be appropriate in a case where the class members' claims are of a small value,
Section 2 of the notice states "The lawsuit claims that the Defendants agreed to limit capacity on
domestic flights. As a result, the lawsuit alleges that ticket purchasers may have paid artificially
inflated prices." These claims are significant for each and every member of the class; yet, the
value is made small by the settling parties' choice to define the class very broadly –

NOV 26 2018

An [illegible] Court
U.S. District Court [illegible] Columbia

Sean Kiover
13878 Countryplace Dr.
Orlando, FL 32826
(718) 265-7706

November 9, 2018

Clerk of the Court
U.S. District Court for the District of Columbia
333 Constitution Ave.
Washington, DC 20001

RE: In re Domestic Airline Travel Antitrust Litigation, MDL No. 2656

Dear Clerk of the Court:

As a member of the class in both the Southwest Airlines and American Airlines Settlements as proposed in In re Domestic Airline Travel Antitrust Litigation, I hereby object to both proposed settlements. While I do not intend to appear at the Fairness Hearing, I believe the Court should hear from me why the proposed settlements are neither fair, nor reasonable, nor adequate. The reasons for which I have my belief are described as follows:

In Section 17, the detailed notice states "Class Counsel may ask the Court for attorneys' fees up to 30% of the respective $15 million and $45 million Settlement Funds and reimbursement for costs and expenses incurred in this litigation." Thus, Class Counsel may receive up to $18 million from the Southwest and American settlements. Even without considering additional costs that Class Counsel could receive, this leaves $42 million for members of the class. Even without considering that the Class Representatives will likely receive several thousand dollars each, the remaining settlement amount is an insignificant figure compared to the number of potential members of the class, which could number hundreds of millions of Americans.

In this case, the settlement is likely to result in a cy pres payment. While a cy pres-only settlement may be appropriate in a case where the class members' claims are of a small value, Section 2 of the notice states "The lawsuit claims that the Defendants agreed to limit capacity on domestic flights. As a result, the lawsuit alleges that ticket purchasers may have paid artificially inflated prices." These claims are significant for each and every member of the class, yet the class is made small by the settling parties' choice to define the class very broadly —

approximately 6 ½ years for the Southwest settlement, and approximately 7 years for the American settlement – and with no geographic definition other than domestic flights. Given the bold claims of anti-competitive behavior, this settlement neither provides relief for class members, nor is it punitive, as the settlement amounts equate to approximately 0.43 and 2.4 percent of annual net incomes for Southwest and American Airlines, respectively. In contrast, Class Counsel fees of up to $18 million may be realized. It is clear that this settlement is neither fair, nor reasonable, nor adequate. In conclusion, the Court should deny final approval of the settlements.

Please find enclosed booking confirmations, which prove I am a member of the class for each of the proposed settlements.

Sincerely,

Sean Klover

cc:     Michael D. Hausfeld, Esq.
        Roberta Liebenberg, Esq.
        Benjamin G. Bradshaw, Esq.

Enclosure

 Gmail

Sean Klover ▬▬▬▬▬

## Flight reservation (F6GPAN) | 20FEB15 | MCO-SJU | Klover/Sean Paul

**Southwest Airlines** <SouthwestAirlines@luv.southwest.com>
Reply-To: Southwest Airlines <no-reply@luv.southwest.com>
To: ▬▬▬▬▬

Sat, Jan 24, 2015 at 11:41 AM

You're all set for your trip!

**Southwest**

My Account | View My Itinerary Online

Check In Online | Check Flight Status | Change Flight | Special Offers | Hotel Offers | Car Offers

### Ready for takeoff!

Thanks for choosing Southwest® for your trip! You'll find everything you need to know about your reservation below. Happy travels!

AIR Itinerary

### AIR Confirmation: F6GPAN

Confirmation Date: 01/24/2015

**Save up to 35%**
on base rates and earn up to 2,400 Rapid Rewards® points. Terms apply.

**Hertz**
Book car >

| Passenger(s) | Rapid Rewards # | Ticket # | Expiration | Est. Points Earned |
|---|---|---|---|---|
| KLOVER/SEAN PAUL | 346292494 | 5262477216986 | Jan 24, 2016 | 1212 |

EarlyBird Check-in - A More Convenient Way To Travel

Rapid Rewards points earned are only estimates. Visit your (MySouthwest, Southwest.com or Rapid Rewards) account for the most accurate totals - including A-List & A-List Preferred bonus points.

| Date | Flight | Departure/Arrival |
|---|---|---|
| Fri Feb 20 | 1625 | Depart **ORLANDO, FL** (MCO) on Southwest Airlines at **7:35 PM**<br>Arrive in **SAN JUAN, PR** (SJU) at **11:15 PM**<br>Travel Time 2 hrs 40 mins<br>Wanna Get Away |
| Mon Feb 23 | 396 | Depart **SAN JUAN, PR** (SJU) on Southwest Airlines at **6:50 PM**<br>Arrive in **ORLANDO, FL** (MCO) at **9:00 PM**<br>Travel Time 3 hrs 10 mins<br>Wanna Get Away |

### What you need to know to travel:

- Don't forget to check in for your flight(s) 24 hours before your trip on southwest.com or your mobile device. This will secure your boarding position on your flights.
- Southwest Airlines does not have assigned seats, so you can choose your seat when you board the plane. You will be assigned a boarding position based on your checkin time. The earlier you check in, within 24 hours of your flight, the earlier you get to board.
- WiFi, TV, and related services and amenities may vary and are subject to change based on assigned aircraft. Learn more.

### Remember to be in the gate area on time and ready to board:

- 30 minutes prior to scheduled departure time: We may begin boarding as early as 30 minutes prior to your flight's scheduled departure time. We encourage all passengers to plan to arrive in the gate area no later than this time.
- 10 minutes prior to scheduled departure time: All passengers must obtain their boarding passes and be in the gate area available for boarding at least 10 minutes prior to your flight's scheduled

 **Gmail**

**Sean Klover**

---

## E-Ticket Confirmation-MXAZCI 23NOV

**American Airlines@aa.com** <notify@aa.globalnotifications.com>
To:

Mon, Oct 31, 2016 at 11:36 PM

 **American Airlines**

Reservations   Redeem Miles   My Account   Deals 

# eTicket Itinerary &
# Receipt Confirmation

Ticket Issued: Oct 31, 2016

## Sean Klover,

Thank you for choosing American Airlines / American Eagle, a member of the **one**world® Alliance. Below are your itinerary and receipt for the ticket(s) purchased. Please print and retain this document for use throughout your trip.

You may check in and obtain your boarding pass for U.S. domestic electronic tickets within 24 hours of your flight time online at AA.com by using www.aa.com/checkin or at a Self-Service Check-In machine at the airport. Check-in options may be found at checkin options.   For information regarding American Airlines checked baggage policies, please visit baggage information.

To receive updated flight status notifications, please visit www.aa.com/notifications.

**For faster check-in at the airport, scan the barcode below at any AA Self-Service machine.**

You must present a government-issued photo ID and either your boarding pass or a priority verification card at the security screening checkpoint.

You can now Manage Your Reservation on aa.com, where you can check in and purchase additional items to customize your journey. A variety of seating options are also available for purchase to enhance your travel with features such as convenient front of cabin location, extra legroom and early boarding.

American Airlines
JOIN THE AADVANTAGE
PROGRAM FOR FREE
**ENROLL NOW**

citi | AAdvantage
Limited-time offer:
earn 50,000 bonus miles
after qualifying purchases

Up to 35% off plus 500
AAdvantage® bonus miles.

**AVIS** **Budget**

📗 Book a hotel »          📱 Remind me to Uber » 

🚗 Book a car »          🎫 Buy trip insurance »

Record
Locator  **MXAZCI**

# Itinerary

| Carrier | Flight # | Departing | Arriving | Fare Code |
|---|---|---|---|---|
| American | 1666 | ORLANDO INTL WED 23NOV 5:30 PM | PHILADELPHIA 7:56 PM | N |
| Sean Klover | | Economy | | Food For Purchase |
| American | 1786 | PHILADELPHIA MON 28NOV 5:55 PM | ORLANDO INTL 8:34 PM | Q |
| Sean Klover | Seat 20F | Economy | | Food For Purchase |

# Receipt

| Passenger | Ticket # | Fare-USD | Taxes and Carrier-Imposed Fees | Ticket Total |
|---|---|---|---|---|
| Sean Klover | 0012398869102 | 107.91 | 36.29 | 144.20 |
| | | | | $ 144.20 |

Baggage Information

Baggage charges for your itinerary will be governed by American Airlines BAG ALLOWANCE -MCOPHL-No free checked bags/ American Airlines BAG ALLOWANCE -PHLMCO-No free checked bags/ American Airlines 1STCHECKED BAG FEE-MCOPHL-USD25.00/ American Airlines /UP TO 50 LB/23 KG AND UP TO 62 LINEAR IN/158 LINEAR CM 1STCHECKED BAG FEE-PHLMCO-USD25.00/ American Airlines /UP TO 50 LB/23 KG AND UP TO 62 LINEAR IN/158 LINEAR CM 2NDCHECKED BAG FEE-MCOPHL-USD35.00/ American Airlines /UP TO 50 LB/23 KG AND UP TO 62 LINEAR IN/158 LINEAR CM 2NDCHECKED BAG FEE-PHLMCO-USD35.00/ American Airlines /UP TO 50 LB/23 KG AND UP TO 62 LINEAR IN/158 LINEAR CM ADDITIONAL ALLOWANCES AND/OR DISCOUNTS MAY APPLY

You have purchased a NON-REFUNDABLE fare. The itinerary must be canceled before the ticketed departure time of the first unused coupon or the ticket has no value. If the fare allows changes, a fee may be assessed for changes and restrictions may apply.

You have 24 hours to cancel your trip for a full refund if you booked at least 7 days prior to departure. You must cancel your trip before requesting a refund. To cancel your trip, login on aa.com or Contact Reservations. For our refund policy and to request a refund, go to www.aa.com/refunds.

         

Some everyday products, like e-cigarettes and aerosol spray starch, can be dangerous when transported on the aircraft in carry-on and/or checked baggage. Changes in temperature or pressure can cause some items to leak, generate toxic fumes or start a fire. Carriage of prohibited items may result in fines or in certain cases imprisonment. Please ensure there are no forbidden hazardous materials in your baggage like:

Some Lithium batteries (e.g. spares in checked baggage, batteries over a certain size), Explosives / Fireworks, Strike anywhere matches/ Lighter fluid, Compressed gases / Aerosols Oxygen bottles/ Liquid oxygen, Flammable liquids, Pesticides/ Poison, Corrosive material.



ORLANDO
FL 328
21 NOV 18
PM 5 L

Clerk of the Court
United States District Court for the
District of Columbia
333 Constitution Ave
Washington DC 20001

20001-288899

Sean Klover
13858 Countryplace Dr
Orlando FL 32826