UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION | MDL Docket No. 2656<br><br>Case No. 1:15-mc-01404-CKK |
| This Document Relates to:<br><br>ALL CASES | |

## OBJECTION TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF REASONABLE LITIGATION EXPENSES, AND AWARD OF FUTURE LITIGATION EXPENSES

This objection (hereinafter referred to as "Dombroski objection") is made by James M. Dombroski, counsel for Plaintiffs in Case No. 3:15-CK 03932, Document 2, filed August 27, 2015; Conditional Transfer Order, MDL No. 2656, Document 285, filed October 23, 2015; Notice of Appearance, Document No. 41, filed December 9, 2015.

I.   **Preliminary Statement.**

The issue is lead counsel's "discretion" to omit various plaintiffs' counsels' fees and costs from its submissions in this MDL litigation, particularly where lead counsel is omitting Dombroski's "pre-leadership" time from their fee and cost submission to the Court. Dombroski's position is that the Court did not authorize

1

lead counsel "to abuse their discretion by failing and refusing to provide fundamental due process and notice of their rejection of my time and expenses after they received it on 3/29/2016 until December 14, 2018 – 32 months". Lead counsel contends "excluding pre-leadership time from a fee and cost submission ... is standard practice in MDL litigation". See emails from Co-lead Counsel below and in Exhibit A attached to the Declaration of James M. Dombroski. This exclusion constitutes an abuse of discussion for the reasons addressed below.

## II. Relevant Background and Applicable Standards of Fairness.

The Court's Order Appointing Plaintiffs' Interim Class Counsel, Document 76, dated February 4, 2016, says, in relevant part, that:

(1) on December 7, 2015, the Court issued an order setting forth a process for considering those seeking appointment as class counsel and, in response, it received four motions from counsel seeking appointment; among the criteria the Court noted for evaluating the motions was "the work counsel has done in identifying or investigating potential claims in the action";

(2) During a three hour hearing on February 3, 2016, the Court discussed the several proposals and then appointed Michael Hausfeld of Hausfeld, LLP and Steven Williams of Cotchett, Pitre & McCarthy, LLP as the Plaintiffs' Co-Lead Interim Class Counsel.

On February 29, 2016, Document 84, the Court adopted (with slight modifications) the Interim Co-lead Counsel's Proposal for the Management of Plaintiffs' Fees and Expenses and the Court's Review of Same submitted on

February 25, 2016, which is Document 81 filed February 25, 2016. Document 81 provided at page 3 in relevant part regarding all persons "performing work in this case on behalf of the plaintiffs" that:

> Interim Co-Lead Counsel shall review the monthly time and expense reports (and, if necessary, any detailed time records and expense documentation) and shall have the discretion to eliminate and/or reduce unauthorized, duplicative, and/or excessive time and expenses. Interim Co-Lead Counsel shall also have the discretion to eliminate and/or reduce time and expenses that are not recorded contemporaneously or are not submitted for Interim Co-Lead Counsel's review on a timely basis ...

The Court-approved proposal by Interim Co-Lead Counsel grants discretion only in specific matters: eliminate and/or reduce unauthorized, duplicative, and/or excessive time and expenses; reduce time and expenses not properly recorded and timely; and control time for attendance at hearings, depositions or other meetings. Excluding preleadership time from a fee and cost submission is not within the scope of authority granted by the Court's approval of Interim Co-Lead Counsel's management proposal. The Court's December 7, 2015 (Document 38, at page 4), order specifying criteria for considering appointment as class counsel included "work counsel has done in identifying or investigating potential claims in the action", suggesting that such work as an ordinary part of the litigation was not categorically excluded from compensation.

Lawrence Papale's statement may be most insightful here: "I think it's getting to be standard now that fee applications do not include time for preparing and arguing the lead counsel applications (and MDL applications), however I

3

don't think that it is standard to refuse to compensate for the investigation, drafting, and filing plus expenses of the complaint itself".[1]

Thus, Co-Lead Counsel may not expect to be paid from any class recovery for time it spent in becoming lead counsel, and so the refusal to include any fees from any counsel for work done before lead counsel was appointed may be a confused extension of that reasoning (they should not "refuse to compensate for the investigation, drafting, and filing plus expenses of the complaint itself") as requested by Dombroski in his emails included in Exhibit A.

Searching Westlaw (all cases) did not yield any case containing the term preleadership (or pre-leadership or pre leadership), indicating that the terminology has not been related to an issue to find its way into West's database of decisions. We did not find a case specific to the point of the issues presented.

*In re Diet Drugs*, 553 F. Supp. 2d 442, 471 (E.D. Pa. 2008), as corrected (Apr. 9, 2008), aff'd sub nom. In re Diet Drugs, 582 F.3d 524 (3d Cir. 2009), noted "we must perform a thorough analysis when the efforts and successes of Class Counsel have been inextricably linked with others" and, further, at 466:

> "[T]he district court must exercise its inherent authority to assure that the amount and mode of payment of attorneys' fees are fair and proper. This duty of the court exists independently of any objection." *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 730

---

[1] Lawrence Papale is counsel for Plaintiff Linda Williams in this case, Case No. 15 cv 04223-MMC, MDL 2656. His statement quoted here is from his email to Dombroski in response to Co-Lead Counsel's email attached as Exhibit A to the Declaration of James M. Dombroski. Exhibit A are string emails to and from Co-Lead Counsel.

4

(3d Cir.2001) (quoting *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1328–29 (9th Cir.1999)).

*Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016), said that a fee award substantially reduced from the requested fees required a "relatively specific articulation of the court's reasoning" that the Stetson panel found lacking, noting the "[f]ailure to do so is an abuse of discretion" (citation omitted). Further, at 1165.

### III. Dombroski's Meet and Confer Emails Show Abuse of Discretion.

The email exchange with Co-lead Counsel attached as Exhibit A to the Declaration of James M. Dombroski is shown here:

#### A. Dombroski email on December 12, 2018, to Adam Zapala, Co-Lead Counsel.

"Adam,
The purpose of this email is to ascertain why my time/expenses were excluded from Exhibit 1 in your joint declaration filed 12/5/2018. that purported to show Plaintiffs Counsel's cumulative hours lodestar and litigation expenses.

As shown in the string emails attached which include emails to and from Steve Williams, and the paralegal team in your office, my time and expense submission was sent to your office on March 24, 2016. The string emails below show my attempts to receive notice from Steve Williams regarding the status of the submissions and a status report. At no time was my office informed that my submission of time and expenses would be disregarded.

Please consider this inquiry as a meet and confer attempt to resolve this matter. Your prompt response to this inquiry would be appreciated.
Thank you,
Jim"

5

### B. Response from Adam Zapala on December 13, 2018.

"Jim,
I will look into the issue, but we made a decision not to submit time from attorneys that had relatively low lodestar. The lodestar in this case is over $30M, and we are asking for a percentage of the fund. I'll revert when I know more. I am traveling. Thank you.
Adam"

### C. Dombroski Email on December 13, 2018.

"Adam,
Thank you for your prompt response.

According to my submission to your office, which included Joanne Lein, Michael Folger and Jaclyn Verducci via email on March 27, 2016, my lodestar was $90,150.00. My previous email to you attached the string emails wihich referenced my submission of my time and expenses on March 27,2016.

I look forward to hearing from you. Thanks again.
Jim"

### D. Response from Adam Zapala on December 14, 2018.

"Jim,

We are looking further into your time, but I believe all of it was pre-leadership appointment. Is that consistent with your understanding? And to the extent you have any post-leadership time, was that work performed at the direction of lead counsel? As we made clear in our filing, we are not including pre-leadership time. We will confirm, but it would also be helpful for you to confirm the foregoing. Thank you.
Adam J. Zapala"

### E. Dombroski email on December 17, 2018.

"Adam,
The March 9,2016, letter from your firm and the Hausfeld firm called for time and expenses for the time period from July 2015 through February 2016. My time and expenses for that time period were timely submitted and accepted by your firm as confirmed in the attached

6

emails to and from Ms.J Verducci. The time shows 150.25. hours, At $600/ hour, the amount requested is $90,150.00 plus expenses at $400.00.

Even though I was in compliance with the provisions of your firm's 3/9/2016 letter as confirmed by the acceptance by your firm, your email attempts to distinguish pre-leadership appointment, pre-leadership time and post-leadership time. There is no legal basis to make such a distinction. My time and expenses were prepared and submitted pursuant to your firm's 3/9/2016 "post-leadership" letter.

From the acceptance of my time and expense submission by your office on March 29,2016, until I received your email on Friday, December 14,2018, I reasonably believed that I would be entitled to recover my time and expenses. Unless you confirm that my time and expenses will be included in your motion, I will file an appropriate letter for the Judge which will include, inter alia, the argument that there is no legal basis for rejecting my time and expenses.

Thank you,
Jim"

### F. Response from Adam Zapala on December 17, 2018.

"Jim,

The court ordered Class Counsel to provide it with information concerning attorney time spent on the case. We did that. That is why you provided us with pre-leadership time and that is why it was provided to the Court. But that is separate and apart of any fee motion. In "accepting" that time and those expenses from you, we did not represent that it would be included in a few motion. In making an attorney fee request, however, it is well within Class Counsel's discretion to determine what time will be included, and what time will not. We have determined that we are not submitting pre-leadership time for any co counseling firms. That is our right, particularly because none of that time was incurred at the direction of Class Counsel.

I must say, I am surprised by your reaction. Not including pre-leadership time in attorney fee motions in MDL litigation is standard practice. Please ask around on this. I am happy to chat with you about the foregoing so that you understand the reasoned decisions of Class Counsel. Please let me know if you would like to speak. If, on the

7

other hand, you insist on submitting something to the Court, we obviously cannot stop you, but we think the law is pretty clear on this issue. Thank you.
Adam J. Zapala"

### G. Dombroski Email on December 18, 2018.

"Adam,
First, attached is my complaint filed which included Joseph Alioto as my co-counsel. Joe was co-lead counsel in the LCD cases. The Cotchett firm was also involved in the LCD cases. Contrary to your views on MDL standard practices, Joe would have never permitted the leadership committee to arbitrarily exclude time and expenses without following fundamental principles of fairness and due process for all plaintiffs attorneys.

Second, I was never informed that my time and expense would be excluded. I was never given the opportunity to voice my objection to the decision to exclude my time and expenses. This means that my fees and costs, n excess of $90,000, have been improperly excluded in violation of my rights to due process.

Third,, other than your reference to MDL standard practices, you have provided no legal basis for violating fundamental principles of fairness and due process. The so-called "reasoned" decision of Class Counsel is wrong.
Jim"

### H. Response from Adam Zapala on December 18, 2018.

"Jim,
Thanks for your email. Joe Alioto is not lead counsel in this case. Also, there is nothing arbitrary about excluding pre-leadership time from a fee and cost submission. As I mentioned, it is standard practice in MDL litigation. I am presently involved in 12 MDLs where my firm is the court-appointed lead counsel – sometimes as sole lead counsel, and sometimes as co-lead counsel, as in this case. In each and every one of those cases, pre-leadership time has been excluded from the fee and cost submission (as an aside, you are the only lawyer in any of those cases to complain about this well-established practice). Moreover, as you may know, there were roughly 85 complaints filed in this case prior to leadership being appointed. You cannot seriously believe that 85

lawyers, much less lawyers who are working with other lawyers to get a complaint on file, as it appears you did, are going to receive compensation for this pre-leadership work.

In any event, the March 9th letter that you keep referencing is a letter from co-lead counsel expressly stating "[p]lease note that Co-Lead Counsel shall have the discretion to eliminate and/or reduce unauthorized, duplicative, and/or excessive time and expenses. Co-Lead Counsel shall also have the discretion to eliminate and/or reduce time and expenses that are not recorded contemporaneously or are not submitted for Co-Lead Counsel's review on a timely basis. Upon review of reports, Co-Lead Counsel may exclude certain pre-leadership appointment time and costs."

Our decision regarding the exclusion of pre-leadership time is final, and frankly, not controversial in the least. As Co Lead Counsel, the Court expects us to ensure reasonable fees and costs and to ensure that only non duplicative work performed at the direction of Co-Lead Counsel comes from the settlement funds. Thank you.
Adam J. Zapala"

### I. Response from Lawrence Papale on December 19, 2018.

"Jim,
I think it getting to be standard now that fee applications do not include time for preparing and arguing the lead counsel applications (and MDL applications), however I don't think that it is standard to refuse to compensate for the investigation, drafting, and filing plus expenses of the complaint itself.
Lawrence"

### IV. Conclusion.

As shown above, excluding preleadership time from Dombroski's fee and cost submission is not within the scope of authority granted by Court's approval of Interim Co-Lead Counsel's management proposal. In fact, the Court's December 7, 2015 (Document 38 at page 4) order specifying criteria for considering appointment as class counsel "work counsel has done in identifying or

investigating potential claims in the action" reasonably suggests that such work as an ordinary part of the litigation was not categorically excluded from compensation. For these reasons and the additional reasons and cases shown above, Co-lead Counsel has abused its discretion by rejecting Dombroski's fee and cost submission.

It is respectfully requested that the Court sustain Dombroski's objection and require that Dombroski's fee and cost submission be included in the Award. Dombroski also requests Court appearance by telephone.

Dated: January 4, 2019.

/s/ *James M. Dombroski*
James M. Dombroski
Law Office of James M. Dombroski
P.O. Box 751027
Petaluma, CA 94975

*Attorneys for Plaintiffs Audrey Ondrade and Jacob Dombroski and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2019, service of the foregoing Notice of Appearance to all counsel of record via the Court's CM/ECF system.

/s/ James M. Dombroski