15-1404UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL Docket No. 2656<br>Misc. No. 15-1404 (CKK) |

**ORDER REGARDING REIMBURSEMENT OF
REASONABLE LITIGATION EXPENSES**
(May 14, 2019)

Pending before this Court is Plaintiffs' [300] Motion for Award of Attorneys' Fees, Reimbursement of Reasonable Litigation Expenses, and Award of Future Litigation Expenses ("Pls.' Mot."), which was partially stayed by this Court after Plaintiffs requested that the Court "hold in abeyance" their request for an award of their attorneys' fees until "Interim Class Counsel present the Court with a motion to distribute the settlement proceeds." *See* Plaintiffs' Request to Hold in Abeyance, in Part, Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Reasonable Litigation Expenses, and Award of Future Litigation Expenses, ECF No. 305, at 1.  In response to Plaintiffs' request, the Court stayed the Plaintiffs' request for $15,000,000.00, in attorneys' fees, and the Court further stayed Plaintiffs' request for future litigation expenses in the approximate amount of $3,000,000.00, even though Plaintiffs did not seek a stay of that issue.  *See* Jan. 4, 2019 Min. Order.  Plaintiffs' request for reasonable litigation expenses, in the amount of $1,573,192.48,  was not stayed, and that issue is currently under consideration by this Court.

1

Plaintiffs' claimed litigation expenses of $1,573,192.48 may be broken down into two separate categories as follows.  First are the litigation expenses totaling $108,848.64, incurred by Plaintiffs' counsel from February 5, 2016, the date of appointment of Plaintiffs' Interim Class Counsel, through June 18, 2018, the date of this Court's preliminary approval of Plaintiff's settlement with American Airlines, Inc.  These litigation expenses are attributable to expenses for attorney travel for case-related events, legal research, conference call servicing, postage, electronically-stored information ("ESI") hosting and review of millions of documents, Special Master services, economic and industry expert and consulting services, hearing transcripts and other vendors providing litigation support services.  *See* Pls.' Mot., ECF No. 300, at 33; Joint Decl.of Cochett, Pitre & McCarthy, LLP and Hausfeld LLP in support of Pls.' Mot., ECF No. 300-2, ¶ 11; *see also* Pls.' Ex. 1, ECF No. 300-3 [report summarizing Plaintiffs' counsel's cumulative hours, lodestar and litigation expenses during that time frame]; Exs. 3-41, ECF Nos. 300-5 to 300-43 [Declarations by Plaintiffs' counsel who performed work and/or incurred expenses for that same period].

Second are litigation expenses totaling $1,464,343.84, incurred by the Litigation Fund — which was established by Class Counsel to pay common expenses in connection with this case and which is administered by the Hausfeld firm — from February 5, 2016 through June 18, 2018. These litigation expenses are attributable to expenses for services relating to electronic discovery such as hosting millions of electronic documents and including the collection, search and processing of documents, Special Master services, economic and industry expert and consulting services, costs reimbursement to non-parties responding to Plaintiffs' subpoenas, and court report

fees.  *See* Pls.' Mot., ECF No. 300, at 33-34; Joint Decl. of Cochett, Pitre & McCarthy, LLP and Hausfeld LLP in support of Pls.' Mot., ECF No. 300-2, ¶ 12; *see also* Pls.' Ex. 2, ECF No. 300- [breakdown of Litigation Fund expenses by category].

Plaintiffs assert that "[w]ith regard to expenses, '[t]here is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of . . . reasonable litigation expenses from that fund.'" *In re Vitamins Antitrust Litigation* ("*Vitamins III*"), Misc. 99-197 (TFH), 2001 WL 34312839, at *13 (D.D.C. July 16, 2001) (citations omitted); *Cohen v. Chilcott*, 522 F. Supp. 2d 105, 123-24 (D.D.C. 2007) (Kollar-Kotelly, J.) (same).  "In addition to being entitled to reasonable attorneys' fees, class counsel in common fund cases are also entitled to reasonable litigation expenses from that fund." *Howard v. Liquidity Services, Inc.*, Civil Action No. 14-1183, 2018 WL 4853898 (D.D.C. Oct. 5, 2018) (slip op.) (citing *In re Fannie Mae*, 4 F. Supp. 3d at 113 (quoting *In re Lorazepam*, 2003 WL 22037741, at *10)).  Furthermore, "[c]ourts have routinely awarded expenses for which counsel would normally directly bill their client." *Vitamins III*, at *13.  The Court notes that Plaintiffs' request for reimbursement of reasonably incurred litigation expenses is unopposed and there were no objections filed by Class Members with regard to litigation expenses that have already been incurred.

Accordingly, upon consideration of Plaintiffs' [300] Motion and the record in this case, it is this 14th day of May 2019,

**ORDERED** that Plaintiffs' [300] Motion for Award of Attorneys' Fees, Reimbursement of Reasonable Litigation Expenses, and Award of Future Litigation Expenses is **GRANTED IN PART**. Plaintiffs' request for reimbursement of litigation expenses in the total amount of $1,573,192.48 is GRANTED.  Class Counsel shall deduct these amounts on a pro rata basis from

the respective Settlement Funds as follows: (1) $393,298.12 from the Southwest Settlement Fund; and (2) $1,179,894.36 from the American Settlement Fund.  Plaintiffs' request for an Award of Attorneys' Fees and Future Litigation Expenses remains STAYED by this Court, pursuant to its January 4, 2019 Minute Order.

**IT IS SO ORDERED.**

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE