# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION <br><br> This Document Relates To: <br><br> ALL CASES | MDL Docket No. 2656 <br> Misc. No. 15-1404 (CKK) |

# MEMORANDUM OPINION
(November 5, 2019)

This multidistrict litigation involves claims that four major airlines — Southwest Airlines Co. ("Southwest"), American Airlines, Inc. ("American"), Delta Air Lines, Inc. ("Delta"), and United Airlines, Inc. ("United") — colluded to limit capacity on their respective airlines in a conspiracy to fix, raise, maintain, and/or stabilize prices for domestic flights in violation of Sections 1 and 3 of the Sherman Antitrust Act (15 U.S.C. §§ 1, 3), and that Plaintiff Class Members paid artificially inflated ticket prices as a result of this alleged antitrust violation. This Court held a March 22, 2019 Fairness Hearing, during which time the Court considered the objections to the settlement, which had been filed by various Plaintiff Class Members. On May 13, 2019, this Court issued an [373] Order Approving Plaintiffs' Motion for Final Approval of Settlement Agreements with Southwest Airlines Co. and American Airlines, Inc., accompanied by a [374] Memorandum Opinion which explained the rationale for the Court's decision. This litigation continues to proceed with regard to the Plaintiffs' claims against Non-Settling Defendants Delta Air Lines, Inc. and United Airlines, Inc. Once these claims are resolved, the Court will move to the final phase of this litigation — the award of damages to Class Plaintiffs and determination of attorneys' fees

1

and litigation expenses.

Pending before this Court is a [408] Motion by Objectors M. Frank Bednarz and Theodore H. Frank for Order to Show Cause Why Final Approval of Incomplete Interim Settlements Should Not be Revoked or, in the Alternative, For Rule 54(b) Judgment.[1] Objectors M. Frank Bednarz and Theodore H. Frank (collectively, "Objectors") move to show cause based on their allegations that "the Settling Parties made misstatements of fact about the importance of the certainty of the release and that this Court issued its Final Approval Order expressly making findings based on those false representations." Objectors' Reply, ECF No. 410, at 2.[2] Alternatively, Objectors ask this Court to clarify its earlier Order by issuing a Rule 54(b) judgment. Settling Parties oppose the Show Cause Order and take no position on Objectors' request for a Rule 54(b) judgment. Upon consideration of the pleadings, the relevant legal authorities, and the record as a while, this Court DENIES Objectors' [408] Motion to Show Cause, or in the Alternative, for a Rule 54(b) Judgment. A separate Order accompanies this Memorandum Opinion.

---

[1] In issuing this Memorandum Opinion and the accompanying Order, this Court specifically considered the Objectors' Mot. to Show Cause, ECF No. 408; Settling Parties' Resp. to Mot. to Show Cause, ECF No. 409; Objectors' Reply in support of Mot. to Show Cause, ECF No. 410; Order Approving Pls' Mot. for Final Approval of Settlement Agreements with Southwest and American, ECF No. 373; and Mem. Op. regarding the Pls.' Mot. for Final Approval, ECF No. 374. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

[2] "Settling Parties" collectively includes Plaintiffs, Southwest Airlines Co, and American Airlines, Inc. *See* Settling Parties' Resp. to Mot. to Show Cause, ECF No. 409, at 4 n.1. The page numbers referenced correspond to the page numbers assigned by the Electronic Case Filing system. The page numbers referenced correspond to the page numbers assigned by the Electronic Case Filing system.

# I. BACKGROUND[3]

A. <u>Settlement Activity</u>

On December 27, 2017, Plaintiffs filed their [196] Motion for Preliminary Approval of Settlement with Southwest, which included a copy of the Settlement Agreement between Plaintiffs and Southwest (the "Southwest Settlement Agreement"). Pursuant to the Southwest Settlement Agreement, Southwest: (1) stipulated to the certification of a Settlement Class; (2) agreed to make a $15 million cash payment to the Settlement Class; and (3) agreed to significantly cooperate with Plaintiffs regarding their pursuit of litigation against non-settling defendants.

On June 15, 2018, Plaintiffs filed their [248] Motion for Preliminary Approval of Settlement with Defendant American, which included a copy of the Settlement Agreement between Plaintiffs and American (the "American Settlement Agreement"). Pursuant to the American Settlement Agreement, American: (1) stipulated to the certification of a Settlement Class; (2) agreed to make a $45 million cash payment to the Settlement Class; and (3) agreed to significantly cooperate with Plaintiffs regarding their pursuit of litigation against non-settling defendants.

This Court preliminarily approved the Plaintiffs' settlement with Southwest on January 3, 2018, and with American on June 16, 2018. *See* Order granting Plaintiffs' Motion for Preliminary

---

[3] This abbreviated Background section focuses on information that is relevant to the pending [410] Motion to Show Cause. This Court's May 9, 2019 Memorandum Opinion, ECF No. 374, provides a more comprehensive background of this litigation.

Approval of Settlement with Defendant Southwest, ECF No. 197; Order granting Plaintiffs' Motion for Preliminary Approval of Settlement with Defendant American, ECF No. 249. Approval of the settlement notice program related to both the Southwest and American settlements was granted by this Court on August 22, 2018. Order, ECF No. 267; Mem. Op., ECF No. 268. On December 5, 2018, Plaintiffs filed their [299] Motion for Final Approval of Settlement Agreements with Southwest and American, which underlies the issues raised in Objectors' instant Motion to Show Cause.

Notice of the proposed settlements was provided to potential class members ("Class Members"), who number over 100 million. *See* Declaration of Shannon R. Wheatman, Ph.D. in support of Motion for Final Approval of Settlement Agreements, ECF No. 299-3 ¶¶ 10-25. When Class Members received notice regarding the proposed Settlement Agreements, they were permitted the opportunity to opt out of and/or to file objections to the proposed Settlement Agreements. Objections were recorded on the Court's docket, *see* Appendix A, ECF No. 334-1, and they were considered by the Court. Plaintiffs filed their [334] Omnibus Response to the Objections on February 14, 2019. A Fairness Hearing was held on March 22, 2019, to consider Plaintiffs' [299] Motion for Final Approval of Settlement and the objections thereto.

    B. <u>Fairness Hearing</u>

This Court's [374] May 13, 2019 Memorandum Opinion — which is incorporated and made a part of this Opinion — memorializes the rationale for its decision to approve Plaintiffs' motion for approval of the Settlement Agreements with Southwest and American. In that Memorandum Opinion, the Court analyzed the Settlement Agreements pursuant to the factors set forth in Federal Rule of Civil Procedure 23, as well as any non-duplicative factors set forth in *In*

*re Vitamins Antitrust Litig.*, 305 F. Supp. 2d 100 (D.D.C. 2004). Without reiterating all the specifics of that analysis, *see* Mem. Op., ECF No. 374, at 10-21, the Court notes that it considered (1) whether the settlement was fair, reasonable, and adequate, which included: (a) the costs, risks, and delay of trial; (b) the effectiveness of the proposed means of distribution and processing of claims; (c) attorneys' fees; and (d) other factors considered in the *Vitamins* case, including the reaction of the class. In gauging the reaction of the class, the Court first looked at the number of objections as compared to the overall size of the class. Out of a class of over 100 million people, there were 23 responses objecting to the settlement, filed on behalf of 25 Class Members. Mem. Op., ECF No. 374, at 21. The Court noted that because it had stayed consideration of attorneys' fees and future litigation expenses, and that these issues will not be addressed until the entire case is resolved, objections relating to the amount and timing of attorneys' fees were deemed premature. *Id.* at 22.

The remaining objections fell into the following categories: (1) the settlement amounts were too small; (2) it was unclear how much the Class Members would receive because of a lack of adequate information; (3) there could be a *cy pres* distribution; and (4) there was no settlement provision for injunctive relief. The Court found that "uncertainty about the settlement amounts to be received by Class Members [was] also a premature basis for an objection until such time as the case against the remaining two Defendant airlines ha[d] been resolved and the Total Funds Available for Distribution [were] known." *Id.* Objections other than those deemed premature were considered by the Court. These included: (1) the possibility of a *cy pres* distribution; (2) the lack of injunctive relief; (3) the size of the settlement amounts; and (4) issues regarding notice provided to Class Members.

C. Objections by Mr. Frank

For purposes of this Memorandum Opinion, the Court will focus on the objections raised by Mr. Frank[4] with regard to a possible *cy pres* distribution and the notice to Class Members regarding a plan of allocation. Mr. Frank raised objections regarding attorneys' fees, but, as previously noted, this Court deferred consideration of attorneys' fees and noted that any objections relating to attorneys' fees were premature.

Mr. Frank was one of the Class Members permitted to testify during the March 22, 2019 Fairness Hearing. At the Fairness Hearing, Mr. Frank indicated that he was not contesting the sufficiency of the settlement amount. Transcript of March 22, 2019 Fairness Hearing ("Tr.") at 63:25-64:1-9; 67:10-11.

1. Possible *Cy Pres*

The Court noted that a *cy pres* distribution could become an issue in the event there are insufficient claims and funds remain (which means counsel is not doing its job) or if there are too many claims and insufficient funds to make it worthwhile to make distributions. *See* Mem.Op., ECF No. 374, at 23. This Court specifically addressed an objection made by Class Member Theodore Frank that *cy pres* awards may be used to divert the Settlement Funds from Class Members for the personal benefit of counsel. Tr. at 66: 15-20. The Court agreed that this argument "disregards this Court's role in carefully scrutinizing any proposed *cy pres* recipient but is also

---

4 The objections by Theodore Frank were filed on behalf of Mr. Frank and Mr. M. Frank Bednarz. *See* Objection of Theodore H. Frank and M. Frank Bednarz to Settlements and Attorney Fee Request, ECF No. 329.

entirely without factual support." Mem. Op., ECF No. 374, at 23 (citations omitted). The Court noted that while a *cy pres* could not be ruled out at this time, Settlement Class Counsel stated that there was no intention to have a *cy pres* distribution of all Settlement Funds or any reason to think anyone would request this. Settlement Class Counsel noted that in some cases there may be a second distribution if funds are left over after the first distribution, and they expected "meaningful distributions to class members that submit qualifying claims, assuming the claims rate in this case is comparable to the claims rates in other antitrust and consumer class actions." Mem. Op., EF No. 374, at 24 (citing Pls.' Omnibus Resp., ECF No. 334, at 27) (case citations omitted). The Court concluded that "[w]hether the need for a *cy pres* distribution will arise, and if so, in what amount, cannot be known at this stage of the proceeding, but this uncertainty should not act as a bar to the approval of the Settlements, particularly in light of Settlement Class Counsel's intention to maximize distributions to Class Members and this Court's own disinclination toward *cy pres* distribution." Mem. Op., ECF No. 374, at 25. Objections to the *cy pres* were deemed by this Court to be insufficient to affect approval of the Settlements.

    2. <u>Notice to Class Members Regarding an Allocation Plan</u>

At the Fairness Hearing, Mr. Frank focused on the alleged lack of information regarding any allocation plan and indicated that the claims process needed to be disclosed in connection with the Settlements. *See* Tr. at 64:17-20 (where Mr. Frank noted that "[p]*ro rata* is probably fine [b]ut they need to set that forward and bind themselves to it."). When the Court pointed out that the Defendants have no input into decisions about the way in which Settlement Funds will eventually be distributed, Mr. Frank indicated that this was a problem with the Settlement Agreements. *Id.* at 64:22-25; 65:1-21. The Court disagreed that this was a "defect" in the Settlement Agreements as

7

proposals for distribution and allocation rest with the Plaintiffs, and the Court will ultimately accept or reject these proposals. The balance of Mr. Frank's argument about allocation referred to his concerns about a *cy pres* distribution.

The Court explained that there is a "two-stage procedure for notice to Class Members prior to the claims process and distribution of the Total Funds Available for Distribution." Mem. Op., ECF No. 374, at 30. The first stage provided notice of the Settlements pursuant to Fed. R. Civ. P. 23(c)(2)(B), while the second stage will provide Class Members with "notification of the total Funds Available for Distribution and information about the claims process," including the "manner in which to make an objection" and "possible ranges of recovery based on hypothetical claims percentages." *Id.* This second stage will occur only after the entire case is resolved so the Total Funds Available for Distribution are known, both from the Settling Defendants and the presently Non-Settling Defendants. Accordingly, the Court rejected the objection regarding an alleged lack of information about the claims process and distribution/allocation of settlement proceeds.

D. This Court's May 9, 2019 Order

The Court's [373] Order issued on May 9, 2019 granted Plaintiffs' [299] Motion for Final Approval of the Settlement Agreements providing for Settlement Funds in the total amount of $60 million - $15 million from Southwest and $45 million from American. The Order confirmed Settlement Class Counsel and certified the Southwest and American Settlement Classes. The Order specifically stated that "Plaintiffs' request for an award of attorneys' fees and future litigation expenses have both been stayed until further Order of this Court." Order, ECF No. 373, at 4. The Court retained jurisdiction, *inter alia*, regarding the implementation of the Settlements, allocation of Settlement Funds, and determination of attorneys' fees. The action against Settling

Defendants Southwest and America was dismissed with prejudice because these two Defendants' only continuing role in the ongoing litigation is cooperation with the Plaintiffs. Southwest and American will play no role in determining the allocation and implementing the distribution of Settlement Funds; instead, Plaintiffs will propose plans of allocation and methods of distribution, and this Court will approve or deny such plans.

> Fed. R. Civ. P. 54(b) provides that:
>
> When an action presents more than one claim for relief. . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.

This Court's Order did not include the language from Plaintiff's proposed final approval order — that "there is no just reason for delay" —which is required by Fed. R. Civ. P. 54(b) to allow an immediate appeal.

## II. ANALYSIS OF OBJECTORS' MOTION

On June 10, 2019, Mr. Frank filed a Notice of Appeal from this Court's May 9, 2019 Order, ECF No. 373, and the accompanying Memorandum Opinion, ECF No. 374, on behalf of himself and Mr. Bednarz. On August 2, 2019, Mr. Frank filed the instant Motion for an Order to Show Cause or in the Alternative, for a Rule 54(b) Judgment, which has since been fully briefed. This Court notes that Objectors' appeal is currently "h[e]ld in abeyance" by the Court of Appeals for the District of Columbia Circuit. *See* Order, No. 19-7058 (October 22, 2019). The parties to the appeal have been "directed to file motions to govern further proceedings within 30 days of the

district court's decision on the pending motion to show cause, or in the alternative, unopposed motion for entry of judgment under Rule 54[.]" *Id.*

In the Motion to Show Cause, Objectors note that the Court did not issue a final judgment under Fed. R. Civ. P. 54(b), a fact that is acknowledged by all parties and the Court. Objectors assert that there is no Rule 54(b) final judgment, and the Settlement Agreements "do not become final until all appeals are resolved after a final judgment[;]" therefore, "appellate courts will not have jurisdiction until judgment issues for all defendants[.]" Mot. to Show Cause, ECF No. 408, at 2. Objectors argue that the settling parties do not have the finality that they "told this Court at the fairness hearing would be untenable." *Id.* "The Court's decision not to postpone approval of the incomplete interim settlements was based on the representation that such a postponement would untenably deny finality." *Id.* at 3. Objectors surmise therefore that "the settling parties' current position of refusing to stipulate to a Rule 54(b) final judgment demonstrates that what they said at the fairness hearing was untrue, and that the Court's decision not to postpone final approval was based on a faulty premise." *Id.* Objectors seek an order to show cause why the interlocutory settlement should not be revoked, or alternatively, they suggest that the Court may issue a Rule 54(b) judgment.

A. <u>Objectors Allege Incomplete Settlements</u>

Objectors argue that the settlements are incomplete because Rule 23(e)(2)(C)(ii) requires the court to consider the "effectiveness of any proposed method of distributing relief to the class" as part of its decision in approving a settlement, and the settlements involving Southwest and United had "no binding arrangements for distribution of the settlement fund[.]" Mot. to Show Cause, ECF No. 408, at 4. Objectors' claim that the Court did not consider the effectiveness of the

proposed means of distributing relief to the class is belied by the record in this case. *See* Mem. Op., ECF No. 374, at 18-20. The Court began by citing Rule 23 commentary and by asking Settlement Class Counsel to explain their proposed means of distribution and claims processing. Settlement Class Counsel explained that distribution of Settlement Funds will be deferred until the end of the entire case —when the Total Funds Available for Distribution are known — in order to better calculate the value in proportion to damages available to the class. Counsel explained further that Class Members will receive notice of the intended distribution, and they will have the opportunity to object. Settlement Class Counsel stated that Class Members will be provided with either a range or guideposts as to the possible amount they may obtain. The distribution will be on a pro rata basis.

Settlement Class Counsel argued that it was not an impediment to settlement approval that the amount to be distributed to Class Members was unknown, and they cited legal authority to support this principle. The Court found that in cases involving a large number of class members, "it would be inefficient to distribute and process claims until the entire case has been resolved through litigation or otherwise and the Total Funds Available for Distribution are known" Mem.Op., ECF No. 374, at 20. The Court concluded that Settlement Class Counsel "ha[d] demonstrated the adequacy of the Settlements, with regard to their proposed means of distributing and processing claims." *Id.* Accordingly, in light of the above discussion, Objectors' contention that the Court failed to address the effectiveness of any proposed method of distributing relief to the class is contrary to the record in this case.

    B. <u>Objectors Request a Show Cause Upon Allegations that Plaintiffs Don't Have Finality</u>

The Objectors note that, during the Fairness Hearing, this Court discussed possible

postponement of final approval of the settlement until resolution of the case as to all Defendants. The Court inquired as to whether Defendants Southwest and American would continue to cooperate with the Plaintiffs pursuant to the terms of the Settlement Agreements, in the event that this Court delayed approval until the entire case was resolved.[5] *See* Mem. Op., ECF No. 374, at 31-33. Plaintiffs asserted that this course of action would jeopardize the agreed-upon cooperation by Southwest and American, which was a major consideration in the Settlements. Defendants Southwest and American indicated that they would not continue to cooperate in the event that the Court deferred approval of the Settlement because they would lose the benefit of the settlement for which they had bargained, and they would have to return to preparing for trial. Accordingly, the Court found that continued cooperation by Southwest and American, which benefitted the Plaintiffs in their litigation, further weighed in favor of this Court approving the Settlements.

The Court's Order in this case approved and confirmed the Settlements, finding them to be fair, reasonable, and adequate to the Settlement Classes" in accordance with Fed. R. Civ. P. 23. The Court noted the "arm's-length negotiations between highly experienced counsel; the equitable treatment of Class Members; the adequacy of the relief provided in the Settlements and the proposed manner in which claims for relief will be processed and relief will ultimately be distributed under a plan of allocation. *See* Order, ECF No. 373, at 4. The Court's Order did not include the Rule 54(b) language proposed by Settlement Class Counsel, *i.e.*, a "determin[ation]

---

5 As part of their Settlement Agreements, "Defendants Southwest and American agreed to cooperate with the Plaintiffs by providing information through documents, informal interviews, consultations with industry experts, and deposition/trial testimony, affidavits and declarations, d this information will be used to assist Plaintiffs in their continuing litigation against the Non-Settling Defendants." Mem. Op., ECF. No. 374, at 33.

[under] Federal Rule of Civil Procedure 54(b) that there is no just reason for delay" and direction that the final judgment of dismissal as to settling defendants shall be entered. Fed. R. Civ. P. 54(b). The Court stayed the issue of attorneys' fees and future litigation expenses. The Court retained jurisdiction *inter alia* over the implementation of the Settlements and disposition of the Total Funds Available for Distribution. The Court dismissed with prejudice the action against Settling Defendants Southwest and American, who are tasked with cooperating with the Plaintiffs. As previously noted, Defendants Southwest and American play no role in implementing the Settlements; rather, that is left to the Plaintiffs and the Court.

Objectors argue that there is a discrepancy between what the Plaintiffs represented at the Fairness Hearing — the need for finality — and their refusal to make a motion for a Rule 54(b) judgment. Settling Parties disagree with this contention, explaining that:

> First and foremost, the Court dismissed the claims against Southwest and American with prejudice. That allowed them to proceed with the fulfillment of their cooperation obligations without running the risk that their cooperation would be used against them by Plaintiffs. It also allowed them to save the significant costs of participating in the litigation, which the might have had to resume to protect their interests if approval of the settlements remained uncertain. In other words, the Final Approval Order gave Southwest and American the peace and certainty they bargained for in the settlements and that they argued for at the Fairness Hearing, and which in turn enabled Plaintiffs to obtain cooperation from them.

Settling Parties' Resp., ECF No. 409, at 10-11.

This Court finds without merit Objectors' argument that the Settling Parties have somehow shifted positions or acted in bad faith. As noted by the Settling Parties, "paragraph 25(f) of the Settlement Agreements required Plaintiffs to seek entry of an order with the Rule 54(b) language[.]" Settling Parties' Resp., ECF No. 409, at 11. The Settling Parties proposed Rule 54(b) language in their proposed Order submitted in connection with their motion for approval of the

settlements. In its discretion, this Court did not adopt that language. There was no objection thereafter by the Settling Parties because the Final Approval Order "allowed Plaintiffs to obtain cooperation from the Settling Defendants" based on the dismissal of Settling Defendants from the lawsuit, and it also "preclude[ed] a piecemeal appeal by the Objectors with respect to issues that are obviously premature[.]" *Id.* at 12.

Accordingly, the Settling Parties had no need to seek anything further, nor was there a requirement that they do so, and there is no need for this Court to issue an Order to Show Cause in this case. Settling Parties conclude that this Court had discretion whether or not to direct entry of a final judgment as to any Order adjudicating fewer than all claims or parties, and there is no indication this discretion was abused. *Id.* Settling Parties have tried not to contravene the meaning of the Court's Order — which did not include the "final judgment" language — and accordingly, they did not stipulate to the relief requested by Objectors in the form of a proposed stipulation to a Rule 54(b) Order. That decision is within the prerogative of the Settling Parties, just as the decision not to include the Rule 54(b) language in the Order was within the discretion of this Court.

C. Objectors Request a Rule 54(b) Order

Objectors submit that if the Court believes that finality is important "notwithstanding the parties' inconsistent behavior," it should "clarify its earlier "final approval order" by actually making it unambiguously *final* and directing entry of a Rule 54(b) judgment after an express determination that there is no just reason for delay." Objectors' Mot. to Show Cause, ECF No. 408, at 9 (emphasis in original). The Settling Plaintiffs take no position on Objectors' request for a Rule 54(b) order.

During the Fairness Hearing, this Court expressed some hesitancy about entering a final

order in this multidistrict litigation where two of defendant airlines had proffered money and cooperation in exchange for dismissal from this case; two airlines continue to litigate; attorneys' fees and future litigation expenses were stayed; and the amount of Settlement Funds is unknown and could increase exponentially depending on what happens with the continued litigation. The resulting [374] Order issued by this Court on May 9, 2019 struck a balance insofar as it allows Plaintiffs to obtain cooperation from the Settling Defendants (because Southwest and American have been dismissed with prejudice from the litigation) at the same time that it prevents a fragmented appeal with regard to issues that have been determined by this Court to be obviously premature (attorneys' fees, *cy pres*, and the settlement fund allocation plan). Accordingly, this Court sees no reason to issue a Rule 54(b) judgment.

### III. CONCLUSION

This Court has considered Objectors' arguments in support of a Show Cause Order or, alternatively a Rule 54(b) Judgment. For the reasons explained in detail herein, the Court finds that neither a Show Cause Order nor a Rule 54(b) Judgment should be issued, and accordingly, Objectors' Motion to Show Cause why Final Approval of Incomplete Interim Settlements Should Not be Revoked or, in the Alternative, for Rule 54(b) Judgment shall be DENIED. A separate Order accompanies this Memorandum Opinion.

DATED: November 5, 2019 _____/s/_____
　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE