IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION,<br><br>**This Document Relates to:**<br>ALL CASES | MDL Docket No. 2656 Misc. No. 15-1404 (CKK) |

# DEFENDANT UNITED AIRLINES, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant United Airlines, Inc. ("United") respectfully submits this Notice of Supplemental Authority in support of its Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), or in the Alternative for Reconsideration. Dkt. No. 617, Mot. for Interlocutory Appeal. On June 4, 2025, the Superior Court of Justice of Ontario, Canada, dismissed with prejudice plaintiff's motion for class certification in *Gifford v. Air Canada* ("Ex. 1"). In *Gifford*, plaintiff alleged an overarching theory that airline defendants, including United, conspired to exercise "capacity discipline" in order to reduce supply and increase prices of Canadian airfare. *Id.* ¶ 4. In connection with dismissing the *Gifford* plaintiff's motion for class certification, the court directly rejected plaintiff's conspiracy allegations. Ex. 1 ¶ 113 ("As a result of the foregoing conclusions, ***I cannot find there is a properly pleaded conspiracy***, and, as a result, the s.5(1)(a) cause of action criterion is not met for all the Plaintiff's alleged causes of action." (emphasis added)). Accordingly, the *Gifford* opinion is an important data point in its rejection of theories that are also advanced by Plaintiffs in this case, thereby confirming that interlocutory appeal or reconsideration of this Court's summary judgment ruling is warranted.

The Canadian and U.S. cases each allege that airline defendants, including United, engaged in industry-wide "capacity discipline" to raise fares for air travel. *See* Dkt. No. 184, Compl. ¶¶ 1,

54–61; Ex. 1 ¶ 4.  Each case also alleges that United relied on industry executives' public statements at investor conferences as "signals" to inform their conspiratorial conduct.  *See* Compl. ¶¶ 86, 88–115; Ex. 1 ¶ 56.  Each case quotes the **same statements** from the **same executives** as evidence of their alleged conspiracies.  Compl. ¶ 120 (American Airlines CEO Doug Parker regarding lessons learned from past price wars: "I think everybody in the industry understands that."); Ex. 1 ¶ 56 (same); Compl. ¶ 120 (Air Canada CEO Calin Rovinescu: "[P]eople were undisciplined in the past, but they will be more disciplined this time."); Ex. 1 ¶ 56 (same).  Thus, the Superior Court of Justice described "the existence of, and the nature and subject of, the U.S. litigation" as "critical" to its analysis, despite the *Gifford* defendants' position that, because of veritable differences in parties, geographies, products, conspiracies, and class periods, this Court's opinions were legally "irrelevant" to the certification question before the *Gifford* court.  *Id.* ¶¶ 20, 153.

*Gifford* concluded that these allegations amounted to mere "conscious parallelism," which "falls short of conduct prohibited" by Canadian antitrust law.  *Id.* ¶ 76.  Unlike unlawful conduct, "[c]onscious parallelism refers to those situations where, in the absence of an agreement, competitors unilaterally adopt similar or identical business practices or pricing, as a result of rational and profit-maximizing strategies based on observations of market trends and activities of each other's past behaviour."  *Id.*  This tracks the decisions of every U.S. Court of Appeals to consider the issue.  Mot. for Interlocutory Appeal at 1–2 ("Contrary to this Court's decision, every Circuit Court of Appeals that has considered the issue has held that in an oligopoly like the airline industry, similar actions by competitors to increase price or limit their output growth, in lieu of trying to compete for market share, do not support an inference of unlawful agreement." (citations omitted)).  Thus, the *Gifford* decision supports interlocutory appeal or reconsideration here.

Dated:  June 20, 2025

Respectfully submitted,

By:   */s/ Daniel E. Laytin*
      Daniel E. Laytin (*pro hac vice*)
      Christa C. Cottrell (*pro hac vice*)
      KIRKLAND & ELLIS LLP
      333 West Wolf Point Plaza
      Chicago, IL 60654
      (312) 862-2000
      dlaytin@kirkland.com
      ccottrell@kirkland.com

*Counsel for United Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 20, 2025, the foregoing notice was filed electronically and will be sent electronically to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Daniel E. Laytin*
Daniel E. Laytin *(pro hac vice)*
