UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION | MDL Docket No. 2656<br>Misc. No. 15-1404 (CKK) |
| This Document Relates to:<br>ALL CASES | |

**PLAINTIFFS' RESPONSE TO DEFENDANT UNITED AIRLINES, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The case cited by United as "supplemental authority," *Gifford v. Air Canada*, 2025 INSC 3335, is irrelevant to this Court's analysis of summary judgment, offering no support to United's motion for certification for interlocutory appeal or reconsideration of the Court's denial of Defendants' summary judgment motions. Decided during the pleading stage prior to any discovery on a bare-bones complaint devoid of facts and alleging an entirely different conspiracy, *Gifford* is entirely inapposite.

In *Gifford*, a Canadian court found—based solely on the allegations in the Amended Statement of Claim[1]—that the plaintiff had not properly pleaded a conspiracy. ECF No. 639-1 ¶ 113. That is both unsurprising and irrelevant. The 15-page Statement of Claim provided only the most general allegations and was entirely devoid of facts, with the single exception of a paragraph describing just three statements made during a 2015 industry meeting (the "2015 Comments"). Ex. A ¶¶ 13-19.[2] As *Gifford* explained, the Statement of Claim "contain[ed] only bald unsupported

---

[1] The Amended Statement of Claim ("Statement of Claim") is attached hereto as Exhibit A.
[2] For example, the Statement of Claim asserted that the defendants: "shared information about passenger-carrying capacity and profitability of routes"; "had communications about their plans or other airlines' plans for passenger-carrying capacity"; and "had communications about the undesirability of increases to passenger-carrying capacity." Ex. A ¶ 15.

pleadings of wrongdoing." ECF No. 639-1 ¶ 105. More specifically, the court found the Statement of Claim's allegations to be "generic" and "boilerplate," merely reiterating the elements of the claim, and, with the sole exception of the 2015 Comments, lacked any allegations as to "who communicated or when communication occurred." *Id*. ¶¶ 106-08 & 110.

United disingenuously compares the bare bones allegations in the *Gifford* Statement of Claim with the voluminous record before this Court at summary judgment, averring that "each case quotes the ***same statements*** from the ***same executives*** as evidence of their alleged conspiracy." ECF No. 639 at 2 (emphasis in original). But it neglects to disclose that the three 2015 Comments in *Gifford* were the *only* statements alleged in the Statement of Claim and ignores the voluminous post-discovery factual record at summary judgment on which this Court relied— including the more than 200 capacity and pricing statements by Defendants reflected in the summary judgment record—none of which were alleged in *Gifford*. *Compare, e.g.* Pls.' Counter-Statement of Facts in Opp'n to Summ. J. (ECF No. 575-1) ¶¶ 7, 42, 89-93, 207-401 *with* Ex. A ¶¶ 15(g) & 16. And contrary to United's claim, the *Gifford* court's finding with respect to "conscious parallelism" referred only to the 2015 Comments. ECF No. 639-1 ¶¶ 110-11.[3]

Equally important, *Gifford* alleged an entirely different conspiracy. *See* ECF No. 639-1 ¶¶ 13-15; *see also* Ex. A ¶¶ 3-19 (involving a conspiracy among Air Canada, Delta, United, and American relating to air travel *between Canada and the United States*). Defendants themselves argued that the U.S. litigation was irrelevant to *Gifford*, considering it would "transpose a different conspiracy involving a different product into the Canadian context." ECF No. 639-1 ¶ 102; *see*

---

[3] United's reliance on Paragraph 76 of the *Gifford* decision is misplaced. ECF No. 639 at 2. That paragraph merely quotes a description of conscious parallelism from another case. ECF No. 639-1 ¶ 76. All *Gifford* concluded with respect to conscious parallelism was that the three spare 2015 Comments pleaded in the Statement of Claim could be understood as describing conscious parallelism. ECF No. 639-1 ¶ 111.

*also id.* ¶ 153 (noting the defendants' argument argued that the U.S. litigation was "irrelevant" because it involved "different parties, a different geographic market, a different product, a different conspiracy, and different (although overlapping) Class Periods."). Contrary to United's selective citation to the *Gifford* court's comment regarding the significance of the U.S. litigation (ECF No. 369 at 2), *Gifford* concluded that the facts in the U.S. litigation had no bearing on the alleged Canadian conspiracy. ECF No. 369-1 ¶¶ 145-46, 167-69 (finding allegations and evidence in the U.S. summary judgment proceedings does not provide a basis to link a U.S.-only conspiracy to the conspiracy involving U.S-Canada air travel or indicate what evidence might be available in the *Gifford* action).

For these reasons, the Court should disregard United's Notice of Supplemental Authority.

Dated: July 3, 2025                              Respectfully submitted,

By: /s/ *Hilary K. Scherrer*                     By: */s/ Adam J. Zapala*
Hilary K. Scherrer                               Adam J. Zapala
Michael D. Hausfeld                              COTCHETT, PITRE & McCARTHY, LLP
Farhad Mirzadeh                                  840 Malcolm Road, Suite 200
HAUSFELD LLP                                     Burlingame, CA 94010
1200 17th Street NW, Suite 600                   Telephone: (650) 697-6000
Washington, DC 20036                             azapala@cpmlegal.com
Telephone: (202) 540-7200
hscherrer@hausfeld.com
mhausfeld@hausfeld.com
fmirzadeh@hausfeld.com

Jeannine Kenney
HAUSFELD LLP
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 985-3270
jkenney@hausfeld.com

*Plaintiffs' Interim Co-Lead Counsel*